PIERCE et al. v. FOREIGN MISSION BOARD OF SOUTHERN BAPTIST CONVENTION et al.   (No. 2167.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 8, 1920. Rehearing Denied Jan. 29, 1920.)

1. ATTORNEY AND CLIENT &#8596;72—PARTY COMPLAINING HAS BURDEN OF PROOF TO SHOW WANT OF AUTHORITY OF ATTORNEYS TO AGREE TO JUDGMENT.

In suit to set aside a judgment entered by agreement of attorneys on the ground that the attorneys who signed agreement acted without authority, complainants have the burden to prove the facts upon which they rely.

2. JUDGMENT &#8596;461(1)—PRESUMPTION THAT ALL PARTIES BEFORE COURT CONSENTED TO DECREE ENTERED BY AGREEMENT.

In case of a judgment otherwise valid sought to be vacated as entered by agreement of attorneys unauthorized to that end, it will be presumed, until the contrary is shown, that all of the parties before the court in the prior proceeding consented to the terms of the decree that was entered.

3. APPEAL AND ERROR &#8596;931(1)—TESTIMONY VIEWED IN LIGHT FAVORABLE TO APPELLEES.

In determining on appeal the issues presented in suit to vacate a judgment entered on agreement of attorneys claimed not to have been authorized, the Court of Civil Appeals must view the testimony in its most favorable light from the standpoint of defendants, appellees, who secured judgment below.

4. APPEAL AND ERROR &#8596;931(1)—PRESUMPTION IS THAT TRIAL COURT EXERCISED RIGHT TO PASS ON CREDIBILITY OF WITNESSES.

The Court of Civil Appeals must conclude that the trial court who heard the evidence exercised, so far as he might legally do so, his right to pass on the credibility of the witnesses and to discredit such as he thought unworthy of belief.

5. JUDGMENT &#8596;403—PARTY SEEKING TO ANNUL JUDGMENT BY AGREEMENT MUST SHOW INJURY.

One who sues to annul a judgment by agreement must not only establish its invalidity, but must also show that he will suffer some injury if the judgment is permitted to stand.

6. EVIDENCE &#8596;590—COURT NOT COMPELLED TO ACCEPT TESTIMONY OF INTERESTED PARTIES.

The trial court, having a right to pass on the credibility and interest of witnesses, was not compelled to accept as true their statements

denying they had given attorneys any authority to enter into agreement for judgment.

7. JUDGMENT &#8596;461(3) — EVIDENCE SUSTAINING JUDGMENT BY AGREEMENT ON GROUND OF ABSENCE OF INJURY TO PLAINTIFFS.

In suit to set aside judgment in a will contest entered on agreement of attorneys on the ground that the attorneys who assumed to represent plaintiffs were unauthorized, evidence *held* to sustain the trial court's conclusion that cancellation of the judgment was not justified in view of absence of injury in any material respect to the plaintiffs.

8. JUDGMENT &#8596;461(3)—GREATER DEGREE OF PROOF NECESSARY TO AUTHORIZE SETTING ASIDE AGREED JUDGMENT WHERE INNOCENT THIRD PARTIES HAVE ACQUIRED RIGHTS.

Where, since rendition of judgment by agreement, the rights of innocent third parties have become involved, the courts will be more exacting as to the quantum of proof required before setting aside the judgment on the ground that the attorneys who made the agreement were unauthorized by plaintiffs.

9. WILLS &#8596;374—DISTRICT COURT ON APPEAL IN WILL CONTEST IS CONFINED TO ISSUES INVOLVED.

On appeal in a will contest from the county to the district court, the district court had no judicial power to compel any of the parties to the suit to submit to determination of any issues not involved in the appeal.

10. WILLS &#8596;374 — PARTIES TO CONTEST BY STIPULATION MAY CLOTHE DISTRICT COURT WITH JURISDICTION TO DETERMINE ISSUES NOT INVOLVED.

When all the parties to a will contest appealed from the county to the district court expressly stipulate for judicial determination of other matters of which the district court might assume original jurisdiction, including the disposition of property not affected by the will, such court has power to enter a judgment on such other issues.

11. WILLS &#8596;357—DISTRICT COURT MAY APPOINT RECEIVER ON APPEAL IN WILL CONTEST.

The district court has power to appoint receivers in a proper case on appeal of a will contest from the county court.

12. EXECUTORS AND ADMINISTRATORS &#8596;7—BENEFICIARY AND EXECUTOR MAY TERMINATE ADMINISTRATION.

The beneficiaries under a will and the executor named therein in the absence of objection by creditors have a right to terminate administration whenever they see fit, if not contrary to the will.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by Mrs. S. E. Pierce and others against the Foreign Mission Board of the Southern Baptist Convention and others. From judgment for defendants, plaintiffs appeal. Affirmed.

Wolfe & Freeman, of Sherman, for appellants.

Cunningham & McMahon, of Bonham, and Rosser Thomas and Thomas, Milam & Touchstone, all of Dallas, for appellees.

HODGES, J. This suit was instituted by Mrs. S. E. Pierce, surviving widow of S. H. Pierce, deceased, and six of her children, against the Foreign Mission Board of the Southern Baptist Convention, B. L. Pierce, W. A. Pierce, Mattie Beckham and her husband, Rosser Thomas, H. A. Cunningham, Mark McMahon, Mrs. Sallie Petty, and Mrs. Herbert Miller. The facts alleged and proven show that S. H. Pierce and his wife resided in Fannin county and owned a community estate valued at several thousand dollars. In January, 1914, S. H. Pierce died, leaving a will in which he disposed of his property substantially as follows: He bequeathed to his wife a life estate in all of his property that remained after the payment of his debts and the expenses of administration. He gave her the power to sell any and all of the estate if she deemed proper. He further directed that, if any portion of his property remained undisposed of at the death of his wife except a homestead in the town of Savoy, it should be divided into nine shares in such a way that one share should consist of ten-eighteenths, exclusive of the homestead, and eight shares of one-eighteenth each. The homestead was to be divided into eight shares of one-eighth each. The share amounting to ten-eighteenths was bequeathed to the Foreign Mission Board of the Southern Baptist Association. The remainder was to be divided equally among eight of his children. One of his children, L. W. Pierce, was omitted, for the reason that he had been previously provided for. W. T. Biby (a son-in-law), C. C. Pierce, and A. W. Pierce (sons of the testator) were appointed executors without bond. It was further provided that the estate should be administered independently of the county court. Some time after the death of S. H. Pierce this will was probated, without opposition. In December, 1916, B. L. Pierce, W. A. Pierce, and Mattie Beckham, children of the testator, filed suit in the county court contesting the validity of the will upon the grounds of mental incompetency and undue influence. A trial in the county court resulted in a judgment sustaining the will, and the contestants prosecuted an appeal to the district court. The plaintiffs in that suit were represented by H. A. Cunningham and Mark McMahon as attorneys, under 'the firm name of Cunningham & McMahon. The Foreign Mission Board of the Southern Baptist Convention (one of the defendants in that contest) was represented by Thomas, Milam & Touchstone. Rosser Thomas, an attorney at Bonham, was associated with them. Rosser

Thomas also filed answers for several, if not all, of the plaintiffs in this suit. The case was docketed as No. 8153 in the district court. After passing one or more terms without a trial, the following agreement for judgment was entered into by the attorneys, and filed:

"In the District Court of Fannin County, Texas, February term, 1919, B. L. Pierce et al. v. S. E. Pierce et al. No. 8153.

"It is agreed by and between the parties to this cause that all the issues involved in this suit and all the rights under the alleged will of defendant S. E. Pierce of even date with the will of S. H. Pierce, deceased, be compromised and judgment entered in accordance with the agreement herein made as follows:

"That defendant S. E. Pierce, having heretofore made a will at the time of and in connection with the will in controversy herein alleged to have been executed by S. H. Pierce, deceased, the defendant Foreign Missionary Board Southern Baptist Convention shall by proper deed and conveyance convey any and all rights it may have or may hereafter acquire by virtue of such alleged will of the said S. E. Pierce and in and to all property of the said S. E. Pierce that it may have and claim to under the said purported will of the said S. E. Pierce, such conveyance to be to B. L. Pierce, W. A. Pierce, Mattie Beckham, Josie Biby, Annie McHale, Belle Bombarger, John Pierce, and C. C. Pierce in equal shares. The court shall in this cause enter judgment denying the contest of the plaintiffs in this cause, and shall probate the will of S. H. Pierce, deceased. Said judgment shall decree to S. E. Pierce a life estate in one-half of all the community property of herself and deceased husband, S. H. Pierce, and all of the property devised to her under the will of S. H. Pierce, deceased, with the remainder estate in all the above property to B. L. Pierce, Mattie Beckham, Josie Biby, Annie McHale, Belle Bombarger, John Pierce, and C. C. Pierce in equal shares, and shall by such instrument decree any and all rights and title out of the Foreign Board of Southern Baptist Convention in and to such property last above specified. Neither S. H. Pierce nor S. E. Pierce had any separate estate prior to the death of S. H. Pierce.

"This court shall appoint W. A. Pierce and C. C. Pierce receivers of all of said property, both real and personal, heretofore belonging to the community estate of S. E. Pierce and S. H. Pierce, deceased, requiring them to execute separate bonds in such amounts as the court may direct, requiring them to report the condition of such estates to this court at each February term thereof, with full power to manage, rent lands, collect rents, pay taxes, collect money due such estates, pay expenses of S. E. Pierce during her lifetime, and such other acts as may be necessary to preserve such estate. Such judgment shall further provide that all claims of such estate against the parties to this suit, whether shown by the inventory herein or not, shall be released and held for naught, except the claim of such estate against defendant Belle Bombarger shall be reduced by the sum of $500, which balance shall remain a claim against the said Belle Bombarger and a charge against her interest in such

estate and such property when same shall be partitioned.

"All costs of this suit and all costs of such receivers as may hereafter accrue shall be paid out of the money on hand belonging to such estate. It is the intention of this agreement that judgment shall be entered in favor of the Southern Baptist Convention for five-eighteenths of the community estate of S. H. Pierce and S. E. Pierce except a life estate of S. E. Pierce and less the homestead in Savoy.

"Witness our hands this the 5th day of March, 1918. Cunningham & McMahon, Attorneys for Plaintiffs. Thomas, Milam & Touchstone and Rosser Thomas, Attorneys for Defendants."

Judgment was entered in accordance with that agreement, with directions that it be certified to the county court for observance. The evidence shows that neither of the parties appointed receiver qualified, and that C. C. Pierce continued in the sole management of the estate, claiming to act under the provisions of the will. This suit was filed for the purpose of setting aside the judgment rendered upon that agreement. It is alleged, among other things, as a ground for the relief prayed for, that the district court had no jurisdiction to enter such a judgment, and that the attorneys who signed the agreement for judgment acted without authority from the complainants in this suit. An answer was filed by Rosser Thomas, H. A. Cunningham, and Mark McMahon which, after denying generally the allegations of the plaintiffs, averred that after the rendition of the agreed judgment those defendants had purchased all the rights and interest of the Foreign Mission Board of the Southern Baptist Convention. They further alleged facts which, if true, would operate as an estoppel against the plaintiffs to impeach the validity of the agreed judgment, claiming that they had paid a valuable consideration for their purchase, and that they did so with the full knowledge and consent of the plaintiffs in this suit. They also alleged that the attorneys who purported to represent the plaintiffs in entering up that agreement had full authority to act in the premises. In a trial before the court judgment was rendered in favor of the defendants, and the plaintiffs in the suit have appealed.

There are two questions, either of which, if decided in favor of the appellants, would require a reversal of this judgment. One is: Were the attorneys who purported to represent the plaintiffs in this suit authorized to make the agreement filed? The other is: Did the district court have jurisdiction to enter that kind of a judgment in that character of a suit? The questions will be discussed in the order stated.

[1-4] In bringing this suit to set aside this judgment upon the ground that the attorneys who signed the agreement acted without authority from any essential source, the complainants have the burden of proving the facts upon which they rely. Assuming that the judgment is otherwise valid, it will be presumed, till the contrary is shown, that all of the parties before the court in that proceeding consented to the terms of the decree that was entered. On determining on appeal the issues here presented we must view the testimony in its most favorable light from the standpoint of the appellees. We must also conclude that the trial court, who heard the evidence, exercised, as far as he might legally do so, his right to pass upon the credibility of the witnesses and to discredit such as he thought were unworthy of belief; in other words, this judgment will not be disturbed unless the state of the record is such that it should be said as a matter of law that the evidence adduced required a different conclusion. The facts show that Judge Rosser Thomas, of the Bonham bar, who was associated with Thomas, Milam & Touchstone, of Dallas, in resisting the attack on the will of S. H. Pierce, is the attorney who claimed the authority to represent the appellants in making the agreement for the judgment. C. C. Pierce, one of the appellants, appears to have been regarded as the representative of those members of the Pierce family who were defending the will in that suit and who are complainants in this proceeding. He testified that he did not give the attorneys any authority to enter into the agreement made, and was ignorant of the terms of the settlement until some time after the judgment had been entered. While it may appear inferentially from what this witness said that his mother, Mrs. S. E. Pierce, did not authorize the attorneys to act for her, and that she also was ignorant of the terms of the settlement, he did not affirmatively so testify. Neither did he deny that any of the other Pierce children, who are here complaining, had given the proper authority. Judge Thomas, who testified for the appellees, detailed at some length what passed between him and C. C. Pierce during the litigation. He stated that he informed Pierce of the offer of compromise when it was made, fully explained to him the terms of the proposed settlement, and requested him to confer with the other members of the Pierce family and learn their wishes respecting the matter; that in order to allow time for that to be done the offer of settlement was held over for several weeks. He further stated that some time later he was informed by C. C. Pierce that the settlement was satisfactory, and for him to go on with it. He says he then signed the agreement, and the litigation was terminated by the judgment then rendered. It also appears from the record that no complaint was made of that settlement by any of the appellants for some time thereafter; that, if all the interested parties did not know the terms of the compromise, they might have known

them, as the negotiations were conducted openly and were pending for a sufficient length of time. The only other members of the Pierce family who testified in the trial below were Mrs. Bombarger and Mrs. McHale, children of S. H. and S. E. Pierce. Each of these denied that she had authorized the settlement or knew anything about its terms till some time after the judgment had been rendered. Mrs. S. E. Pierce did not testify, and there is no reason shown for her failure to do so.

[5] One who seeks to annul a judgment by agreement must not only establish its invalidity, but must also show that he will suffer some injury if the judgment is permitted to stand. Williams v. Nolan, 58 Tex. 711; Roller v. Wooldridge, 46 Tex. 493; Anderson v. Oldham, 82 Tex. 231, 18 S. W. 558; Ratto v. Levy, 63 Tex. 281. Courts will not in such instances exercise their functions except for the protection of some personal or property right of the complainant. Conceding that under the evidence the court below should have found as a fact that the two witnesses above referred to did not consent to the settlement made and had not thereafter ratified it, they have failed to show that they will sustain any injury if the judgment in that proceeding is not canceled. The will of S. H. Pierce had some time previously been regularly probated, and the administration thereon was then pending. By the terms of the will the Foreign Mission Board of the Southern Baptist Convention was to receive ten-eighteenths of all the community property of S. H. Pierce outside of the homestead. The remainder went to the surviving widow and children. The record fails to show that Mrs. Bombarger or Mrs. McHale ever complained of that will or took any steps to have it annulled, if that could be done. They were not parties plaintiff in the contest filed, and were either active or nonresisting defendants. Their mother, Mrs. C. E. Pierce, had made a will similar to that of her deceased husband, in which she bequeathed to the Foreign Mission Board of the Southern Baptist Convention the same portion of her property. The judgment complained of sustained the will by failing to set it aside, and awards to the board only such interest in the estate of S. H. Pierce as it could take under the terms of that will alone. It also divests the Foreign Mission Board of its expectant rights under the will of Mrs. S. E. Pierce, and confers them upon the Pierce children. It goes further and divests Mrs. S. E. Pierce of her power to dispose of during her lifetime the property left by the will of her husband, limits her interest to a life estate in the community property then on hand, and invests the children, who are complainants here, with the remainder. Hence the agreed judgment secured to those appellants who are children of Mrs. S. E. Pierce more property than they could lawfully claim under the will of their father. They therefore sustained no injury by the rendition of the judgment in that contest.

[6] If it can be said that Mrs. Bombarger and Mrs. McHale were injured in any material respect by the judgment which they here attack, and for that reason had a right to ask for its cancellation, then they were interested witnesses, and the court, having a right to pass upon their credibility, was not compelled to accept as true their statements denying that they had given the attorneys any authority to enter into the agreement complained of. Knights of Maccabees v. Johnson, 143 S. W. 718; Franklin Ins. Co. v. Villeneuve, 29 Tex. Civ. App. 128, 68 S. W. 203. If the court discredited their testimony, as is indicated by the result of the suit, should such a conclusion be necessary to sustain the judgment, then appellants were without the proof essential to discharge the burden which they assumed in the prosecution of this suit. Mrs. S. E. Pierce, while somewhat differently situated, is in no better attitude to complain. It was shown that her son, C. C. Pierce, attended to most, if not all, of her business; and under the evidence the court has a right to conclude that he was fully acquainted with the terms of the proposed agreement and that he authorized it to be made. It is true there is no positive testimony that Mrs. S. E. Pierce authorized her son to consent to this agreement for her, or that she had ever communicated any consent to any one for the settlement to be made; but the appellees were not required to offer proof of those facts in the absence of some legal evidence that Mrs. Pierce had not consented. It appears to be conceded that the attorneys who signed the agreement acted in good faith, under the belief that all the interested parties had consented to the settlement. The entire transaction seems to have been free from any form of fraud. It is also shown by the facts that after the agreed judgment had been entered the attorneys Cunningham & McMahon and Rosser Thomas, relying upon the validity of the judgment, purchased the interest of the Foreign Mission Board of the Southern Baptist Convention, paying therefor a valuable consideration; that this purchase was not made till the Pierce heirs had been given the preference right to secure the board's interest.

[7, 8] In this state of the record we cannot say that the trial court erred in concluding that the proof did not justify the cancellation of the judgment rendered in that litigation. As indicated above, since the rendition of that judgment the rights of innocent third parties have become involved, and it is not going too far to hold that in such instances the courts will be more exacting as to the quantum of proof required before setting

aside a judgment than in those cases where no injury would likely result from such action. But it is also insisted that the judgment is void because the district court had no power to render it. It is true the suit then pending was one which originated in the county court, and that it involved only an attack upon the will of S. H. Pierce.

[9, 10] Clearly the district court had no judicial power to compel any of the parties to the suit to submit to a determination of any issue not involved in that appeal from the county court. But the question is, when all the parties are before the court and enter into a written agreement providing for a settlement of the pending controversy, and also expressly stipulate for a judicial determination of other matters of which the district court might assume original jurisdiction, has not that court, under such circumstances, the power to enter a judgment that will be binding upon all the parties to the agreement? We are of the opinion that it has. Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 205, and the cases there cited. The fact that the trial court could not of its own motion, or at the instance of one or more of the parties manifested in the ordinary form of pleading, have assumed such power, is not decisive of the question. While the parties to litigation cannot by consent clothe a court with power to determine a controversy not within its legal or constitutional jurisdiction, they may by unanimous agreement properly expressed in writing empower the court to act upon a subject-matter within its potential jurisdiction; the agreement being sufficient to supply the necessary pleading to support the judgment. The written agreement and the decree entered thereon is sufficient to estop all of the parties involved from thereafter questioning the conclusiveness of the decision. The issues settled by the judgment assailed in this proceeding were within the potential jurisdiction of the district court when its powers were invoked by appropriate pleadings. The estate involved in this litigation consisted of real and personal property to which there were conflicting claims. The parties had a right, if they could do so by agreement, to settle not only the questions involved in the attack on the will, but matters collateral thereto, including the disposition of property not disposed of by the will.

[11, 12] The district court has the power to appoint receivers in a proper case as was done in this instance. The beneficiaries of a will and the executors named therein have a right, in the absence of any objection on the part of creditors, to terminate the administration wherever they see fit, where such action is not opposed by the provisions of the will.

The judgment will be affirmed.