'PIERCE et al. v. FOREIGN MISSION BOARD OF SOUTHERN BAPTIST CONVENTION et al. (No. 259–3475.) *

(Commission of Appeals of Texas, Section B. Dec. 14, 1921.)

1. Courts ⬯202(5)—On probate appeal district court's jurisdiction is limited to probate questions.

On appeal from the probate court to the district court from an order in the administration of the estate of a deceased person, the district court's jurisdiction is appellate only, and the issues which can be tried are only those of which the probate court had jurisdiction.

2. Courts ⬯23—Jurisdiction cannot be conferred by consent.

Jurisdiction cannot be conferred on a court by consent or agreement of the parties.

3. Courts ⬯202(5) — District court cannot exercise its jurisdiction over titles on probate appeal.

The district court cannot, on appeal from the county court in a probate proceeding, exercise its constitutional jurisdiction over suits affecting real estate.

4. Courts ⬯202(5)—District court has only jurisdiction given by Constitution or statutes.

The district court has only the jurisdiction given it by the Constitution and statutes, and, though such jurisdiction is original and general with respect to most controversies, it is appellate only with respect to the administration of decedents' estates.

5. Courts ⬯5 — Essential character of suit determines jurisdiction.

The primary and essential nature of a suit, and not its incidental character, determines the jurisdiction of the courts, so that the district court has no jurisdiction over what was essentially a probate proceeding, though the title to land was incidentally involved.

6. Courts ⬯202(5) — Consent judgment determining title on probate appeal is beyond jurisdiction.

The district court has no jurisdiction, on appeal from the probate court in a will contest, to adjudicate title to the land under an agreement between the parties by which the distribution made by the will was altered.

7. Courts ⬯472(4) — District court cannot take administration of estate from probate court.

In a judgment of the district court on appeal from the probate court admitting the will to probate, a provision taking the administration out of the hands of those named in the will as executors and placing it in the hands of receivers to be appointed by the district court in effect transferred the administration of the estate to the district court, and was a judgment which the district court had no power to render.

8. Courts ⬯472(4) — District court can enforce agreement to compromise will contest.

Where the parties to proceedings to contest a will have entered into an agreement compromising their differences, that agreement can be enforced by the district court in original proceedings brought for that purpose.

9. Judgment ⬯411—Party held not estopped to attack judgment by consent of her attorneys.

Evidence that a judgment was rendered by consent of the attorneys for the parties, but without evidence that its terms were communicated to the party most affected thereby or that she had any knowledge thereof, before the time she brought suit to vacate the judgment, does not show that she was estopped to attack the judgment.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Mrs. S. E. Pierce and others against the Foreign Mission Board of the Southern Baptist Convention and others to vacate a judgment. Judgment for defendants was affirmed by the Court of Civil Appeals (218 S. W. 140), and plaintiffs bring error. Reversed, and cause remanded to the District Court, with instructions to render judgment for plaintiffs.

Wolfe & Freeman, of Sherman, for appellants.

J. W. Gross, of Bonham, Rosser Thomas, of Dallas, and Cunningham, McMahon & Lipscomb, of Bonham, for appellees.

POWELL, J. The nature and result of this suit have been stated with admirable conciseness and accuracy in an argument filed herein by counsel for plaintiffs in error, as follows:

"S. H. Pierce and his wife, S. E. Pierce, resided in Fannin county, and owned a valuable community estate consisting of a large tract of land and other property. S. H. Pierce died in January, 1914, leaving a will, the material provisions of which are as follows:

"He bequeathed all of his property remaining after the payment of debts and expenses of administration to his wife for her life.

"He gave to his wife the power and right to sell any or all of his estate and to execute valid conveyances of the same.

"The will further provided in substance that, if any portion of the testator's estate remained undisposed of at the death of his wife, the same, exclusive of the homestead, should be divided into 18 equal portions, and that 10 of said portions should become the property of the Foreign Mission Board of the Southern Baptist Convention, and that the balance of the remaining property, including the homestead, should be divided equally among his eight children. Under the will, the only certain bequest was to Mrs. Pierce, because she had the power to dispose of all of her husband's property during her life time, leaving, in that event, nothing to be controlled by the bequest to the children and the Mission Board.

"He appointed his son-in-law, Bibby, and two of his sons independent executors without bond.

"Neither S. H. Pierce nor his wife had any separate property.

"The will was probated in the county court of Fannin county without contest. C. C. Pierce and Bibby qualified as independent executors and took charge of the property.

"An independent suit was subsequently filed in the county court by B. L. Pierce, W. A. Pierce, and Mattie Beckham and husband to vacate the order probating the will, defendants in error Cunningham & McMahon, being attorneys for plaintiffs. The plaintiffs alleged that the will was void on account of lack of testamentary capacity, fraud, and undue influence. The suit to set aside the probate of the will was tried, and a judgment rendered for the defendants and refusing to vacate the order probating the will.

"The plaintiffs in the suit to set aside the judgment appealed to the district court.

"Defendants in error Judge Rosser Thomas, of Bonham, and Messrs. Thomas, Milam & Touchstone, of Dallas, appeared as counsel for defendants, the proponents of the will, viz. Mrs. S. E. Pierce, Josie Bibby and husband, W. T. Bibby, Bell Bombarger, Annie McHale and her husband, John Pierce, C. C. Pierce, and the Mission Board.

"The only authority these attorneys had to act for the defendants in error (defendants in the county court) was an arrangement entered into between Judge Thomas and C. C. Pierce by which C. C. Pierce employed Judge Thomas to conduct the application to probate the will and a subsequent understanding between Judge Thomas and C. C. Pierce that Judge Thomas would resist the suit to set aside the judgment probating the will. The authority of Judge Thomas to bind the plaintiffs in error by stipulation for judgment filed originally in the district court is stated later.

"In the district court a compromise agreement was filed signed by Cunningham & McMahon, attorneys for plaintiffs, and Thomas, Milam & Touchstone and Judge Thomas, attorneys for defendants, embodying the following covenants:

"(1) That the wife of the testator had made a will at the time of and in connection with the will of S. H. Pierce, and that the Southern Baptist Convention should convey all property it might acquire under the will of Mrs. Pierce to the eight children of S. H. Pierce and Mrs. S. E. Pierce. (Mrs. Pierce was then, and is now, living.)

"(2) That the district court should enter judgment denying the contest of the will of S. H. Pierce and should probate said will.

"(3) That judgment in the district court should decree to Mrs. S. E. Pierce a life estate in one-half of all the community property of herself and her deceased husband and all the property devised to her by her husband's will with the remainder estate in all of the said property (that is, community property of the testator and his wife) to their eight children and divest out of the Mission Board all title to the property of Mrs. Pierce.

"(4) The agreement stipulated that neither the testator nor his wife had any separate property prior to his death.

"(5) That the court should appoint receivers of all the property of the community estate of the testator and his wife and provided that they should have full power to manage the estate, pay taxes, etc., and to pay Mrs. Pierce's expenses during her lifetime.

"(6) That all claims of the estate against the parties to the suit, whether shown by the inventory or not, should be released, except the claim of the estate against one of the daughters, Mrs. Bombarger, and that her indebtedness should be reduced by the sum of $500.

"(7) That all costs of the suit and of the receivers should be paid out of the money belonging to the estate, and that five-eighteenths of the community estate of the testator and his wife, except a life estate in the wife and the

homestead, should be vested in the Mission Board.

"Judgment was entered in the district court as provided by the agreement.

"The receivers named in the judgment refused to qualify. The Mission Board sold its interest in the properties to Messrs. Cunningham, McMahon & Thomas and executed its deed to them which has been recorded.

"Thereafter the plaintiffs in error filed suit in the district court to vacate the judgment and alleged that it is void for numerous reasons. Among the defendants in that suit are the above-named attorneys who were grantees in the deed. The lawyers sued included all the attorneys in the suit to vacate the judgment probating the will except Thomas, Milam & Touchstone, who did not attempt to buy an interest in the land."

The trial court entered judgment for defendants in error, refusing to set aside and vacate said agreed judgment. The action of the district court was affirmed by the Court of Civil Appeals. See 218 S. W. 140.

[1] The controlling question in this case, as we view it, is whether or not the district court had jurisdiction to render the agreed judgment it did render. We think the district court was without such jurisdiction, and that the judgment so entered was void. The jurisdiction of district courts in the administration of estates of deceased persons is appellate only. All persons interested in the administration of an estate have the right of appeal to the district court from any order of the county court made in such administration. Upon such appeal the issues involved in the order or action of the court appealed from will be tried de novo in the district court, but the latter's jurisdiction over the administration extends only to the determination of the questions presented by the appeal; that is to say, the case must remain in the district court the same suit it was in the county court, for, the jurisdiction of the former in the matter being appellate only, it cannot be extended beyond that of the county court.

The decisions of the appellate courts in Texas with practical unanimity sustain our views as above expressed. We feel that it will be beneficial to refer to a few of them.

In the case of Franks v. Chapman, 60 Tex. 46, the heirs of the deceased brought suit by original petition in the district court of Atascosa county, seeking therein to set aside the former decree of the county court of said county admitting the deceased's will to probate. The Supreme Court of Texas reversed the judgment of the district court and dismissed the case, holding that the district court had no jurisdiction to try the same. Justice Stayton reviewed the Constitution of 1845 and the statutes enacted under authority thereof, stating that before the new Constitution was adopted district courts had both original and appellate jurisdiction over the inferior tribunals to which had been confided the transaction of business appertaining to estates. Proceeding further, that learned Justice says:

"The present Constitution, unlike the former, confers no original jurisdiction upon the district courts over the county courts sitting as probate courts."

Again he states:

"The sole jurisdiction given to such courts over the county courts sitting in probate is an appellate jurisdiction."

The effect of the decision of our Supreme Court aforesaid is that any judgment rendered by the district court in a probate matter in a suit originating in the district court is void. We think the same rule would apply where new issues were introduced after appeal in a case which was originally filed in the county court. In an appeal proceeding in probate, the issues upon appeal must be confined to those in the original proceeding.

We think it but natural that the Courts of Civil Appeals in many later cases should have ruled as they have in this connection. We shall review four of these cases.

The case of Levy v. Moody, 87 S. W. 205, is one very much in point. In that case Levy was claiming title under an order of sale issued out of the district court of Montgomery county. The proceeding in which the order of sale had been issued was an appeal to said district court from an order of the county court removing an administrator. The latter had appealed from said order to the district court, asking that the same be vacated. After the appeal the district court took charge of the administration and issued an order of sale directing the sale of real estate. The Court of Civil Appeals held that Levy, who had acquired title under that order of sale, obtained no title by reason thereof, even though the sale had been reported and confirmed by the district court. In discussing that question, Justice Pleasants holds:

"The jurisdiction of district courts in the administration of the estates of deceased persons is appellate only. Any person interested in the administration of an estate may appeal to the district court from any order of the county court made in such administration. Upon such appeal the issue involved in the order or action of the court appealed from will be tried de novo in the district court, but the jurisdiction of the district court over the administration only extends to the determination of the questions presented by the appeal. The only appeal to the district court shown by the record was by the administrator and was from an order of the county court removing him as administrator of the estate. Upon this appeal the district court acquired no jurisdiction to order the sale of the property of the estate, and the sale made in pursuance

of such order was void, and conferred no title upon appellant."

Petition for writ of error in the case of Levy v. Moody, supra, was duly filed and same refused by our Supreme Court.

The case of Hallam v. Moore, 126 S. W. 908, was another case equally as much in point. In that case, on an appeal from the county court, the district court attempted to have the personal property belonging to an estate administered in the county court, but retained the administration of the realty to itself. Justice Neill referred to this as a "remarkable decree," and reversed the district court with instructions. In the course of his opinion that able jurist held:

"It is equally clear that the parties to the suit on appeal from the probate court cannot, nor can the district court itself, after the appeal has been taken, convert such a suit into one of trespass to try title. It must remain in the district court the same suit it was in the county court; for the district court's jurisdiction in the matter is only appellate, and cannot be extended beyond that of the county court. * * * Such an anomalous judgment as the one appealed from in this case is simply the product of the unwarranted intervention of the appellees in the administration of the estate."

Writ of error was promptly applied for in the case of Hallam v. Moore, supra, which was likewise denied by our Supreme Court.

The case of Goodman v. Schwind, 186 S. W. 282, did not necessarily involve a decision on the points now under discussion, but the Court of Civil Appeals in that case, in an opinion by Justice Brooke, said:

"The district court of Orange county had only appellate jurisdiction to revise, to declare void, or set aside the particular orders and decrees complained of, and had no power or authority to act in the matter otherwise. Matters have been attempted to be injected in this proceeding in the district court, such as the fact of innocent purchasers, question of title, etc., which, according to our view, the court could not, and was without authority to, pass upon."

It is quite true that a writ of error was granted by the Supreme Court in the case last quoted, but it is equally true that the final judgment of the Supreme Court held nothing that overruled the quoted portion of the opinion of the Court of Civil Appeals. The report adopted by the Supreme Court was written by Justice McClendon of section B of the Commission of Appeals, and he reversed the Court of Civil Appeals in its holding that certain orders of the county court were invalid. All the courts admitted that that particular issue was within the jurisdiction of the district court and had previously been before the county court. For the opinion of the Commission of Appeals afore-

said, see Schwind v. Goodman, 221 S. W. 579.

In the very recent case of Minor v. Hall, 225 S. W. 784, Judge Lane announces the following rule of law:

"An issue must first be made and determined in the court of original jurisdiction before the jurisdiction of the appellate court can attach, and then only by appeal or certiorari."

Petition for writ of error was applied for in this case, and same was dismissed by our Supreme Court for want of jurisdiction.

We have found no Court of Civil Appeals in Texas taking a view contrary to the one we have heretofore expressed, except the one at Texarkana. That court did so not only in the case at bar, but in a large measure also in the former case of Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 203. The opinion in each case was written by Mr. Justice Hodges.

The case of Parks v. Knox, supra, did not reach our Supreme Court on petition for writ of error. Apparently none was filed. The opinion in the instant case did reach the Supreme Court on application for writ of error, which was granted with the following notation:

"We do not think the district court had jurisdiction to render the judgment it did render. Its jurisdiction in the proceeding was purely appellate."

We think the Supreme Court entirely correct in its views so expressed.

In Texas the jurisdiction of the various courts is expressly conferred by our Constitution and the statutes enacted under its authority; in other words, the jurisdiction of each court is either legal or constitutional. We know of no other jurisdiction, potential or otherwise. It is true that in most cases of vital importance the district court is the court of original jurisdiction. Not only so, but of general jurisdiction as well. But, as an exception to that general rule, the county court has been, under the present Constitution, made the court of original and general jurisdiction in probate matters

Singularly enough, the Court of Civil Appeals in the instant case makes some striking admissions as follows:

"While the parties to litigation cannot by consent clothe a court with power to determine a controversy not within its legal or constitutional jurisdiction, they may by unanimous agreement properly expressed in writing empower the court to act upon a subject-matter within its potential jurisdiction; the agreement being sufficient to supply the necessary pleading to support the judgment."

[2] It is elementary that jurisdiction cannot be conferred by consent or agreement of the parties. The Court of Civil Appeals has so admitted. It further concedes that this judgment was not within the legal or consti-

tutional jurisdiction of the district court, but it ·says it was in its potential jurisdiction, and the judgment by agreement was valid. The court does not explain just what it means by potential jurisdiction, but we suppose it means that which it is possible for a court to adjudicate.

[3] In this connection it is urged by counsel that the district court, as a general rule, has jurisdiction of suits affecting real estate, and, as the widow's title to realty was involved in the agreed judgment, the court had authority to render it. In this reasoning we cannot concur.

[4] Nor can we agree with the reasoning of the Court of Civil Appeals.· We do not think the position tenable. No so-called potential jurisdiction inconsistent with express provisions regarding jurisdiction can control the latter. As we see it, before potential jurisdiction could attach, it must be by virtue of the provisions of the Constitution itself, or the statutes of the state enacted thereunder.

[5] Furthermore, the primary and essential nature of a suit, and not its incidental character, determines the jurisdiction of the courts relative to it. The case at bar was primarily and essentially a probate proceeding, and title to realty, if involved at all, was only incidentally so. Almost every will involves title to real estate incidentally. In giving district courts jurisdiction generally in real estate cases it was not intended to apply to probate cases which necessarily involve title to realty in an incidental way. The general jurisdiction in realty cases conferred by our laws has, as we see it, been expressly limited by a specific provision conferring general jurisdiction of estates of all kinds upon county courts.

[6] It seems to us that the potential jurisdiction theory is fallacious and would lead to numerous difficulties not necessary to mention. For instance, we think it inherently impossible for a court, at one and the same time, and in the same judgment, to exercise original and appellate jurisdiction. In the case at bar, if there were a valid judgment relating to the will of the testator, it would be enforceable only in the county court, and must be certified for that purpose. If there were a valid judgment relating to the property of Mrs. S. E. Pierce, it would be enforceable only by the district court. Thus one part of the pretended judgment, if valid, could only be enforced by the district court, and one part only by the county court.

[7] As a matter of fact, the judgment was not consistent in its parts. It provided that the will should be admitted to probate and certified the same to the county court for observance. Then, in the very next breath, the judgment annulled practically every provision of that very will and took the administration of the estate out of the hands of those named in the will as executors and placed it in the hands of receivers to be appointed by the district court and responsible to it. The net result of the judgment was to transfer the permanent administration of the estate indefinitely from the county court to the district court. For the many reasons stated, we are clearly of the view that the district court was without jurisdiction to render the judgment it did render.

[8] We are not unmindful of the fact that adverse claimants under a will to the property of the testator frequently compromise their differences with respect to it, while the probate of the will is an issue in a court of competent jurisdiction. A will is also frequently probated originally by the. county court as a result of certain outside agreements. The latter agreements often necessitate resort to district courts. When that is true, an original proceeding can be brought there, and, under proper pleadings, the issue can be adjudicated there. This is true, even though probate matters may be incidentally in issue. As one illustration, we know that in ordinary trespass to try title cases originally brought in district courts it is frequently true that the judgment to be rendered depends upon the proper construction of a will long before probated in a county court.

Being of the view that the judgment in question was not within ·the jurisdiction of the district court, and therefore void, we do not think it necessary to consider the other ruling of the Court of Civil Appeals to the effect that the attorneys for the widow, under a general employment, had authority to bind her, in the absence of her authority in that very connection, in agreeing to a judgment of such far-reaching importance to her. We do not pass upon the holding of the Court of Civil Appeals in that connection.

[9] It is urged by counsel for defendants in error that, even though the Court of Civil Appeals erred in holding that the widow was bound by the agreement of her attorneys and also in holding that the district court had jurisdiction to render the judgment it did render, still the judgment of the district court must be affirmed because of the issue of estoppel. Counsel made this very contention before the Supreme Court in a lengthy motion filed therein asking said court to dismiss the petition for writ of error. The court overruled that motion and later granted the writ. This judgment we think entirely proper for many reasons. We do not care to go into any detailed discussion of the effect of this alleged issue of estoppel, but will say, in passing, that the only contention counsel makes as establishing estoppel as against the widow is that she remained silent when she should have spoken. The record does not show when she first learned of this agreed judgment. Nor does it show that

she unreasonably delayed in hearing of it. No one testified that they ever even told her of it, although the judgment affected her more vitally than any other, and in spite of the fact that she was perhaps the only one who actually suffered any losses by reason of the judgment. However, the record does disclose that within the time allowed by law she did speak up in tones of thunder in protest against this judgment, and went into court to set it aside.

It follows from what has been said that we think the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the former with instructions to render judgment vacating, annulling, and setting aside the judgment of the district court as described in plaintiffs' original petition on file in the trial court, and as prayed for therein.

We so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied January 25, 1922.