**PIERCE et al. v. PIERCE et al.***
(No. 260–3476.)

(Commission of Appeals of Texas, Section B. Dec. 14, 1921.)

Courts ⬥475(5) — District court cannot appoint receiver to administer estate.

The district court cannot appoint a receiver to administer a decedent's estate subject to its directions, especially when a valid will provides for its administration by executors who are under the control of the county court.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Mrs. S. E. Pierce and others against B. L. Pierce and others. An order removing C. C. Pierce as trustee was affirmed by the Court of Civil Appeals (218 S. W. 144), and plaintiffs bring error. Reversed and remanded, with instructions.

Wolfe & Freeman, of Sherman, for plaintiffs in error.

Rosser Thomas, of Dallas, and Cunningham, McMahon & Lipscomb, of Bonham, for defendants in error.

POWELL, J. This is a companion case to that of Mrs. S. E. Pierce et al. v. Foreign Mission Board Southern Baptist Convention et al., and being cause No. 3475 on the docket of the Supreme Court, 235 S. W. 552. We have heretofore made a report to the latter court in that case. The material facts are the same in both cases, and we think what we have said in recommending a judgment in cause No. 3475 should control the judgment to be rendered in this case.

The Court of Civil Appeals states that, if their opinion in cause No. 3475 (218 S. W. 140) is correct, then the appointment of receivers in the instant case should be affirmed, and it was so ordered. See 218 S. W. 144. It follows that the converse is true, and, if they were in error in deciding cause No. 3475, their judgment in the case at bar must be reversed.

We recommended a reversal of the judgment of the Court of Civil Appeals in said original case, holding that the judgment sought to be set aside therein was not within the jurisdiction of the district court, and therefore void. If that judgment is adopted by the Supreme Court, then it follows that all judgments by the trial court appointing receivers to take charge of the estate in question are void also.

The judgment directly appealed from in the instant case was dated March 26, 1919, and appointed one J. W. Bell as receiver of the estate in place of C. C. Pierce, who was originally appointed receiver thereof on March 6, 1918, and who had refused to qualify.

Believing that the appointment of receivers in the district court, under the circumstances here present, to administer an estate therein, especially when the will itself provides for its administration by executors under the control of the county court, is invalid and void, we think such appointment should be set aside and vacated.

Therefore we recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the cause remanded to the former, with instructions to render judgment vacating and setting aside all of its former judgments appointing a receiver to take charge of the estate in question.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied January 25, 1922.