**GARZA et al. v. KING et al.**

No. 12153.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 18, 1950.

Rehearing Denied Nov. 15, 1950.

Oxford & Ramsour, Edinburg, for appellants.

John A. Pope, Jr., Rio Grande City, for appellees.

W. O. MURRAY, Chief Justice.

This is a suit for the partition of Porcion No. 73, containing a total of 4,540.8 acres of land in Starr County, Texas, wherein Richard King, Mary King Estill and husband, R. G. Estill, Minerva King Patch and husband, J. D. Patch, and King Ranch, a corporation, are plaintiffs and numerous parties, including Dorotea G. Garza, Juvencio Garza, Mauricio Garza, Ernesto Garza, Creighton C. Close and many others were named as defendants. There were also interveners in the case.

At the June Term, 1949, of the District Court of Starr County, Texas, the trial judge made and entered his decree on July 13, 1949, setting out the interests of the parties and adjudicating title to the respective interests. The June Term adjourned on the 16th day of July, 1949, without anyone having filed a motion for a new trial and having given notice of appeal, thus the decree became final.

On March 14, 1950, the appellants herein, Dorotea G. Garza, Juvencio J. Garza, Mauricio G. Garza and Ernesto Garza, filed their motion to set aside this preliminary decree and for a new trial. The motion was overruled on the 4th day of April, 1950, and appellants excepted and gave notice of appeal.

■ The trial court did not err in overruling this motion for a new trial because it was not filed at the term of court at which the decree was entered and was filed at a subsequent term of the court after the decree had become final. Rule 320, T.R.C.P. provides, among other things, that a motion for a new trial must be made within two days after rendition of the judgment if the term of court shall continue so long, and if not, then before the end of the term. A motion for a new trial filed after term time and after the judgment has become final is a collateral attack upon such judgment and cannot be considered by the court. Rule 320, T.R.C.P.; Bridgman v. Moore, Tex.Sup., 183 S.W.2d 705; Bragdon v. Wright, Tex.Civ.App., 142 S.W.2d 703.

■ After a judgment, regular on its face, has become final it can only be set aside in a proceeding in the nature of a bill of review in which it must be shown, among other things, first, that the defendants have a good defense to the cause of action and, second, that they were prevented from making such defenses by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of their own. Scott v. McGlothlin, Tex.Civ.App., 30 S.W.2d 511; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963; Brown v. Clippenger, 113 Tex. 364, 256 S.W. 254; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 963.

There is no contention here that the motion for a new trial filed by appellants was broad enough to meet the requirements of a suit in the nature of a bill of review. The motion for a new trial filed at a subsequent term of court was a nullity and was not entitled to consideration by the court.

Appellants present many other questions, but, inasmuch as this appeal was not taken at the term of court at which the judgment was rendered and inasmuch as proceedings in the nature of a bill of review have not been filed herein, we cannot consider these questions.

Accordingly, the judgment of the trial court is affirmed.