**BREWER v. BREWER et al.**

No. 14336.

Court of Civil Appeals of Texas. Dallas.

Feb. 9, 1951.

Rehearing Denied March 9, 1951.

Fred V. Meredith, Terrell, for appellant.

J. J. Fagan, Dallas, for appellees.

**370**

YOUNG, Justice.

On January 20, 1950, Bertha Brewer had been appointed by the Dallas County Probate Court as administratrix with will annexed of the estate of Margaret Brewer, deceased, Letters issuing upon approved bond of $15,000. Some months later George Allen Brewer and another, guardians of estate of Charles, Jimmy and Michael Brewer, minors, filed application seeking to revoke appellant's appointment on various grounds and suggesting the appointment of himself. On hearing of said motion and findings made as hereinafter shown, the appointment of Bertha Brewer, administratrix, was revoked, the court directing a filing of her final report within fifteen days. On appeal aforesaid order was confirmed; the district court also appointing George A. Brewer in her place and stead and ordering transfer of the estate to him. It is this judgment of the district court sitting in probate that is brought up for review.

The record contains no statement of facts, but the transcript of court papers reflects material allegations, facts, and transactions which should be first stated in chronological order:

Margaret Brewer died in Dallas County, Texas, testate (date not shown), and duly probated in the County Court was her holographic will of August 12, 1948, viz.: "I, Margaret Brewer, of County of Dallas and State of Texas, being of sound mind and disposing mind and memory and being desirous to settle my worldly affairs while I have strength to do so, do make my last will and testament. (1) I desire that my just debts be paid out of my estate without delay by my executors or executrix as Mr. and Mrs. Clint Short (Mrs. Eula Short) and Miss Bertha Brewer under the direction of Mr. Earl Parker (if they be living at that time) as are hereby appointed by me without bond. (2) It is my desire that all property both real and personal, that I possess after the payment of all my just debts be divided as follows: $200 (two hundred dollars) to Miss Bertha Brewer. To Levi and Blommice McCrummar $100 together. The other cash to be invested so that a small income to be paid monthly for their education and only for their education shall be paid to my nephews Charles Erwin Brewer, Jimmy Allen Brewer, Michael (Phillip) Brewer. (3) If any person or persons seek to break this will in court then my first will the one written and signed on 8 day of June 1944 shall be used. (4) The above mentioned executors or executrix Mr. and Mrs. Clint Short and Miss Bertha Brewer under direction of Mr. Earl Parker in carrying out the desire of my will that no bond shall be required of them and that no other action shall be had in the county or probate court or other proceeding therein than the probate of this will." (See Footnote) [1]

On December 13, 1948 in a district court proceeding the above will was construed

1. Also in transcript and purportedly in evidence, though not probated, is the earlier will and codicil of Margaret Brewer dated respectively June 8, 1944 and March 29, 1948: "I, Margaret Brewer, of County of Dallas and State of Texas, being of sound mind and disposing mind and memory and being desirous to settle my wordly affairs while I have strength to do so, do make this my last will and testament. (1) I desire and direct that my just debts be paid out of my estate without delay by my executors or executrix as Mr. and Mrs. Clint Short and Miss Bertha Brewer as hereby appointed by me. (2) It is my will and desire that all property, both real and personal that I possess, after the payment of all my just debts together with all expenses incident to the probation of this will, shall pass to the following. Cash $100 to Mr. and Mrs. Clint Short, $100 to Mrs. Maggie Stovall and daughters, $100 to Mrs. Eura Lee Pearson, $100 to Elsie Marie Sullivan, $100 to Mrs. Dorothy Brewer Hamilton and children. Nothing to my brother George Allen Brewer, nothing to Ervin Friend Brewer or his heirs, $200 in cash to Miss Bertha Brewer. (3) If my brother George Allen Brewer or his wife Sibyl Friend Brewer or their son Ervin Friend Brewer seek to break this will they are not to receive a penny from my estate even then. (4) It is my will and desire that Miss Bertha Brewer is to have whatever of my personal property she desires. What she does not desire is to be divided between Dorothy Brewer Hamilton who has first choice of the remaining personal property, then

(material here) as follows: On a finding that Clint Short and Bertha Brewer had declined to serve as executors, the title to all real and personal property was vested in Eula Short, trustee, for use and benefit of the named minors until completion of their education, the income from said property to be used only for their education; directing the trustee to pay all debts, administration expenses, and legacies within one year; and, when said period for education of these children had expired, that fee simple title to remaining property on hand should be vested in the next of kin of Margaret Brewer, namely, her brother George Allen Brewer. Bertha Brewer and Mrs. Clint (Eula) Short were cousins of Margaret Brewer; Ervin Brewer and George Allen Brewer, the father and grandfather of the three children described as beneficiaries under said will; and George A. and Erwin Brewer had theretofore been appointed guardians of their estate.

On November 30, 1949, these guardians filed motion in the cause asking that Eula Short, trustee, be required to file bond as required by law and that the estate be administered under direction of the Probate Court. They claimed a general failure by the trustee to comply with the terms of above will, which complaint was followed by the intervention of Bertha Brewer alleging in substance as follows: That she was one of the executrices named in the will and had actively assisted in its administration; that at time of the district court judgment (December 13, 1948) construing the will, she was unaware of the recital therein of a waiver and refusal on her part to serve as an executrix, same being without her consent, agreement, or authority, but on the other hand, she had always been desirous of serving in accordance with terms of will and wishes of the testatrix; that she lived in Kaufman County and for convenience the three named executors had agreed that the estate should be handled by Eula Short for the first twelve months and thereafter turned over to intervener as independent executrix and trustee for future administration, and that she was ready and willing to accept the appointment. Then followed the final report of Eula Short, trustee, detailing assets (some $30,000) and disbursements over the one-year period, praying for its approval and acceptance of her resignation.

On January 20, 1950, the matters involved in preceding paragraph were heard, complaint of the Brewers, guardians, denied, report of Eula Short's twelve-months administration approved, and Bertha Brewer appointed as administratrix with the will annexed of such estate upon furnishing bond in the sum of $15,000, the latter qualifying by filing both oath and bond. In this order of appointment the County Court made a finding with reference to the prior arrangement between the three trustees mentioned in the intervention of Bertha Brewer, whereby "it was agreed that Eula Short should act as such representative of the estate for the twelve months of administration and pay all debts and at the end of such time said estate was to be placed in the custody and management of the said Bertha Brewer as the representative of said estate, and such agreement was admitted in open court in said trial by the said Eula Short and her husband Clint Short * * *"; finding also a necessity for further administration.

On May 1, 1950, there was filed a motion by guardians of the estate of Charles, Jimmy, and Michael Brewer, minors, for revocation and annulment of the preceding appointment of Bertha Brewer, administratrix; as such guardians, asserting (1) that

Helen Brewer Yeager, then Virginia Brewer. Should any money remain, I desire that this be divided equally between the Scottish Rite Hospital for Crippled Children and Southwest Medical Center. (5) It is my will that no other action be had in County Court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims." "Codicil to my will and testament of June 8, 1944. All changes were made by my own hand and with a sound mind before being signed. If this will of June 8, 1944 has to be used in keeping my later will from being broken through court action."

she had no interest in the Margaret Brewer estate; (2) was a nonresident of Dallas County and thereby disqualified; and (3) there was no necessity for continuance of administration; one of the movants, George Allen Brewer, alleging, in case further administration be necessary, that, as next of kin, he was entitled to Letters and suggesting the designation of himself as administrator. Bertha Brewer, administratrix, filed lengthy answer to above motion, alleging in brief an interest in the estate because named as an executrix in the will of Margaret Brewer; that her nonresidence in the County was no disqualification, she being a legatee, and that a continued administration was necessary, in that terms of the will required the estate to be held in trust for use and benefit of these minor children until their education was completed; further alleging that said motion for her removal was but another attempt on part of movants to gain control and possession of the estate and "a designed effort on their part to overthrow the wishes, desires, directions, intentions and the Will of the decedent" for selfish purposes. On hearing of motion, same was granted, and Letters of Administration to Bertha Brewer revoked and annulled; with finding of no necessity therefor and ordering that she file final report within fifteen days. On appeal to district court, appellant Bertha Brewer as administratrix filed trial amendment, praying in the alternative that in event the court should find the estate fully administered so far as the Probate Court was concerned, same should be declared an estate in trust under previous construction of said will, "subject to the exclusive jurisdiction of this court, so as to not let the trust lapse." In trial de novo, the order of Probate Court revoking and rescinding appellant's appointment as administratrix was approved and confirmed; and George A. Brewer, brother and next of kin of decedent Margaret Brewer, appointed as her successor with will annexed upon qualifying and giving bond in sum of $15,000. Said judgment (now before us for review) made extensive reference to the prior judgment of December 1948 construing the will of Margaret Brewer and to recitals therein that Bertha Brewer and Clint Short had refused and declined to serve as executors.

▮ No statement of facts having been brought up, all points of error must be examined on basis of errors apparent on the face of the record. Southern Pine Lumber Co. v. Smith, Tex.Civ.App., 183 S.W.2d 471.

▮ Obviously, the district court findings of December 1948 to effect that appellant had refused to serve as executrix or trustee may be reconciled with the later County Court finding of an agreement between all trustees that Eula Short should undertake the first year of service, with disavowal on part of Bertha Brewer limited to such twelve-month period. Aside from this, we see no reason why the latter could not retract any previous refusal, there being present no element of estoppel. Apparent therefore on face of the record and as a matter of law, the trial court erred in not reversing the action of the probate court and reinstating appellant as administratrix for the following reasons: (1) She was nominated in the will as one to execute its terms. "Great liberality is usually exercised in committing the execution of wills to those indicated in any way by the will as the testator's choice, so as not to disappoint his wishes regardless of technicalities." 21 Am.Jur., p. 405. (2) Despite the fact that appellant had received her bequest under the will (shown by final report of Eula Short), she was still a legatee of the testatrix within meaning of sec. 4, Art. 3357, V.A.C.S., with right of appointment superior to that of appellee George A. Brewer as next of kin (sec. 5). Neither was she disqualified under sec. 7 of said Article reading "To any person of good character residing in the county." Residence as there required has reference to applicants whose qualifications depend upon such subdivision. Balfour v. Collins, 119 Tex. 122, 25 S.W.2d 804.

▮▮ It will be observed in conclusion that the trial court judgment affirming the probate order of revocation went further and made appointment of appellee, fixing

bond,—an action which the probate court had not undertaken. In an appeal to the district court sitting in probate the issues tried de novo must be confined to those involved in the order or ruling of the court appealed from. It acquired no jurisdiction to make the appointment just mentioned and its action in such particular was void. Levy v. W. L. Moody & Co., Tex.Civ.App., 87 S.W. 205; Pierce v. Foreign Mission Board, etc., Tex.Com.App., 235 S.W. 552; Quiroz v. Cantu, Tex.Civ.App., 119 S.W.2d 569; Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, (writ ref.).

The judgment of the trial court is accordingly reversed and judgment rendered by this Court that should have been entered by the District Court, i. e., the reinstatement of appellant as administratrix of the will of Margaret Brewer, deceased, inclusive of bond as heretofore. Under authority of Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657, and Rule 335, Texas Rules of Civil Procedure, the judgment here rendered will become the judgment of the District Court; and upon return of mandate to the District Court it will be the duty of the Clerk of that Court to certify same to the County Probate Court for observance.

Reversed and rendered with directions.

BOND, C. J., not sitting.