Ola McDowell **SIBERT** et al., Appellants,

v.

Lanora McDowell **DEVLIN** et al., Appellees.

No. 8209.

Court of Civil Appeals of Texas, Texarkana.

April 9, 1974.

David J. Potter, Potter & Potter, Texarkana, Ark., for appellants.

Roland Matthews, Troup, for appellees.

CORNELIUS, Justice.

This is a suit in the nature of a bill of review seeking to set aside a partition judgment previously rendered by the District Court of Cass County, Texas. The trial court denied relief and the appellants have perfected this appeal. We have concluded that appellants were entitled to the relief sought and that the trial court's judgment must therefore be reversed.

James E. McDowell and Rosie Marshall McDowell were husband and wife. They acquired title to approximately 148 acres of land as their community property. They had five children, viz, James Ruel McDowell, Aubie McDowell Kitchings, Annie McDowell Wells, Lanora McDowell Devlin and Ola McDowell Sibert. James E. McDowell died intestate in 1918 and the five children acquired his one-half community interest in the 148 acres by the laws of descent and distribution. The property was not divided. Mrs. Rosie McDowell died in 1963. She left a holographic will which provided that each of the five children would receive 30 acres, with Annie's share to have the "house and outbuildings" which were located on it, and Ola's 30 acres designated as "the homestead". J. Ruel McDowell and Aubie McDowell Kitchings were to have "One dollar" each

in addition to their respective shares of thirty (30) acres. The "home place" or residence where the family lived had been substantially improved with individual funds of Ola Sibert and the other house had been improved by Annie Wells with her individual funds.

Ola Sibert and Annie Wells made application to the County Court of Cass County to probate their mother's will. It was admitted to probate and they were appointed independent executrices in cause No. 5147 on September 30, 1963. On November 4, 1963, Lanora McDowell Devlin and Aubie McDowell Kitchings filed a contest to the will. The contest was docketed in the Cass County Court, as cause No. 5165. In their petition, Lanora Devlin and Aubie Kitchings asserted that the five McDowell children owned an undivided one-half of the land as heirs of James E. McDowell by descent and distribution, and that the estate of Rosie McDowell owned the remaining undivided one-half. It then alleged that the "estates of James Elias McDowell and Rosie Marshall McDowell, both deceased, should be partitioned" among the five children, stating that such persons were all the heirs of James Elias McDowell and Rosie Marshall McDowell and that they were all parties to the suit. On November 18, 1963, Ola Sibert, J. Ruel McDowell and Annie Wells filed their answer to said petition and stated therein that with regard to the petition's request for a partition,

" . . . they agree that the said land should be divided, and are willing to do so, according to the Will of Mrs. Rosie Marshall McDowell, and the equities hereinafter mentioned. . . . These defendants would show the Court that said land can be divided, because the defendant Ruel (James Ruel) McDowell is willing to take his one-fifth (⅕th) interest anywhere and preferable off the North end of said place. That the defendants Annie McDowell Wells has made permanant and lasting improvements on what would be the middle one-fifth if the same were divided by running

the dividing line through the place East to West, and that the defendant Ola McDowell Sibert has paid a large part of the cost of constructing the house that would fall on the next one-fifth South thereof, and in addition thereto furnished large amounts of money for her mother during her illness, as well as a large part of her support during her health, and is entitled to one-half interest in the 'Home Place' by the Will of Mrs. Rosie Marshall McDowell, and is equitably entitled to the other one-half interest therein by reason of the expenses that she had paid thereon. * * *"

On December 3, 1963, the County Court of Cass County rendered judgment in cause No. 5165, denying the will contest, confirming the validity and the probate of Rosie McDowell's will, and decreeing as follows:

"The Court further finds that the Defendants Annie McDowell Wells, and husband, Oswell Wells, have practically built the home which they occupy on said land, having started with a small ancient house that was of very little value, and are entitled to have their share of the land set apart so as to include the house they have improved.

"The Court further finds that Ola McDowell Sibert is living in a house that was built on the site of the former home of the said James Elias McDowell and Rosie Marshall McDowell, which was razed in the year 1950 and the present house built immediately thereafter, construction having been started in June 1950 and completed in August, 1950, and that it was built primarily from the sale of a crop of timber grown on the land following the death of James Elias McDowell, and additional money furnished primarily by Defendant Ola McDowell Sibert, and that the said Ola McDowell Sibert, according to her mother's will, is entitled to have her part of the land set apart so as to include the tract where the said house built in 1950

is now situated, the will of the said Rosie Marshall McDowell providing as it does that she should have the homestead, which the Court finds to mean that part of the land on which the house now occupied by the said Ola McDowell is situated, being the house built in the year 1950.

\* \* \* \* \* \*

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants Annie McDowell Wells and her husband, Oswell Wells, have for their share that part of the land set apart to them so as to include the house which they have improved.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Defendant Ola McDowell Sibert have her part of the land set apart so as to include the house she now occupies which was built from the ground up during the year 1950.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that Commissioners in partition be appointed to make a fair and equitable division of the land, dividing it into five (5) equal parts, irrespective of the two (2) houses to which reference has heretofore been made. \* \* \*"

Lanora Devlin and Aubie Kitchings gave notice of appeal from the judgment ordering partition but did not perfect the appeal. On January 29, 1964, the commissioners appointed by the December 3, 1963 judgment made their report wherein they divided the land into five blocks of approximately 31 acres, each having a value of $2,000.00 "exclusive of improvements". In obedience to the judgment of December 3, 1963, the commissioners awarded parcels to Annie Wells and Ola Sibert on which were located the improvements devised by the will to them respectively. Objections to the report were made by Lanora Devlin and Aubie Kitchings. On February 5, 1964, the objections were overruled and the report of the commissioners was confirmed. Lanora Devlin and Aubie Kitchings perfected an appeal from this order to the District Court of Cass County. The appeal was docketed as No. 18,062 in the district court. Apparently while the appeal (18,062) was still pending, Lanora Devlin and Aubie Kitchings filed a new suit in the District Court of Cass County seeking to partition the 148-acre tract. The petition stated that the county court had entered an order of partition which had been appealed to the district court, but alleged that the county court had no jurisdiction over the undivided one-half inherited by said parties from James E. McDowell and that therefore its judgment was void and the district court should partition all of the land. Ola Sibert, J. Ruel McDowell[1] and Annie Wells answered in cause No. 18,289, asserting that any partition "should be made in such a way as to protect said parties as to the improvements made by them." On September 8, 1965, judgment was entered in cause No. 18,289, which was the district court partition suit, ordering a new partition and appointing appraisers to effect it. The Commissioners reported on July 25, 1968, having divided the land into *unequal portions* having the same value when considered with the value of the improvements; that is, instead of awarding 30 acres and the improvements located thereon to Ola Sibert, she received 5 acres and the improvements; Annie Wells received 26 acres and the improvements, and the other three children received 38.2818 acres each. The report was confirmed by the district court on August 26, 1968. Allegedly because of the absence and hospitalization of their attorney and a resulting mistake or accident, Ola Sibert, Annie Wells and J. Ruel McDowell failed to perfect an appeal from the judgment in cause No. 18,289. Consequently, they then filed this suit, in the nature of a bill of review, attacking the district court judgment in 18,289 on the ground, among others, that

---

1. It was disputed as to whether the answer filed for J. Ruel McDowell was authorized.

the district court had no jurisdiction to render it. The trial court denied the bill of review.

As to the appeal from the order of the probate court, docketed in the district court as No. 18,062, no disposition is shown except the court's docket sheet which contains an entry dated April 8, 1965, five months after cause No. 18,289 was filed, stating that the county court judgment of partition was vacated, "per judgment on file". There is no judgment on file, unless it be considered that cause No. 18,062 was merged into cause No. 18,289.

The judgment of the district court in cause No. 18,289 was clearly erroneous. It was contrary to Mrs. McDowell's will, in that the devisees were awarded shares which were different from those specified in the will. Nevertheless, if that judgment was merely erroneous, it cannot now be set aside unless the aggrieved parties bring themselves within the well recognized requirements for equitable bills of review. Garza v. King, 233 S.W.2d 884 (Tex.Civ. App. San Antonio 1950, error ref'd); Smith v. Ferrell, 44 S.W.2d 962 (Tex. Comm.App.1932, opin. apprvd); 34 T. J. 2d p. 92, et seq. On the other hand, if the district court was without the jurisdictional power to render the judgment in cause No. 18,289, that judgment was and is void and it may be set aside in a suit such as this one by merely showing it to be void. McEwen v. Harrison, 162 Tex. 125, 345 S. W.2d 706 (1961); Consolidated Underwriters v. McCauley, 320 S.W.2d 60 (Tex.Civ. App. Beaumont 1959, wr. ref'd, n.r.e.); certiorari denied 361 U.S. 14, 80 S.Ct. 109, 4 L.Ed.2d 52; Barnett v. Eureka Paving Co., 234 S.W. 1081 (Tex.Comm.App.1921, opin. apprvd); 34 Tex.Jur.2d p. 94.

Appellees contend, and apparently the court below assumed, that the county court had jurisdiction of only Mrs. Rosie McDowell's community one-half of the prop-

erty and therefore its partition affected only that undivided one-half interest. Proceeding from that premise, it is urged that the district court therefore had jurisdiction under its general powers to entertain an action (No. 18,289) to partition the remaining undivided one-half interest in the land which the parties had previously inherited from their father. Appellees thus contend that the district court had appellate jurisdiction of the partition of Mrs. McDowell's undivided one-half interest in the land and original jurisdiction of the partition of Mr. James E. McDowell's undivided one-half interest, and that the court could and did, in effect, consolidate the two cases and render one judgment disposing of the entire matter.[2] We cannot accept this contention for the several reasons hereafter discussed.

The county court not only has jurisdiction to partition the property belonging to an estate being administered [3] but it also has jurisdiction to effect a partition between the estate and persons who have a joint interest with the estate in any property. Sec. 386 of the Probate Code provides that "Any person having a joint interest with the estate of a decedent in any property, real or personal, may make application to the court from which letters testamentary . . . have been granted thereon to have a partition thereof, whereupon the court shall make a partition of said property between the applicant and the estate of the deceased; * * *". As shown in the recitation of the facts of this case, the appellees, in applying to the county court for a partition in cause No. 5165, specifically pointed out that they and appellants owned an undivided one-half interest in the land by inheritance from their father who had died many years previously, and that their mother's estate then being administered owned the other undivided one-half interest in the land, and requested that the *"estates" of both their fa*

2. There was no order or agreement of consolidation entered.

3. Sec. 373 et seq., V.A.T.S. Probate Code.

*ther and their mother* be partitioned. Likewise, the appellants, in answering the plea in the county court for partition of both estates, *referred to appellees' pleading in that respect* and stated that they also desired that "said land should be divided" and proceeded to suggest *specific segregated parcels of the entire land* which should be awarded to the respective parties. Thus, all parties in both their capacities as "joint owners with the estate" and as persons interested in the estate, made written application to the county court to partition their respective interests in the land. The county court consequently had jurisdiction over all interests in the tract, and its decree divided the entire tract. If there were irregularities in the technical aspects or in the timing of the order of partition, they were waived by the parties through their respective pleadings.

Although Mrs. McDowell's will was effective only as to her community one-half interest, the county court had jurisdiction also over the other undivided one-half interest, and if there was any maladjustment in its decree, that would have been merely an error which ordinarily could only be revised or corrected by appeal.

Having determined that the judgment of partition by the county court in cause No. 5165 was a valid judgment rendered by a court having jurisdiction, we now pass to a consideration of the question of whether the District Court of Cass County, either in cause No. 18,062 (the appeal) or in cause No. 18,289 (the new suit), had the jurisdictional power to set that judgment aside or to retry the issues determined therein.

 Although it is frequently called an "interlocutory decree", the order of the court decreeing a partition is a final, appealable order. Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326; Castillo v. Farias, 64 S.W.2d 989 (Tex.Civ.App. San Antonio 1933, err. ref'd.); 44 Tex.Jur. 2d p. 308. If no appeal is perfected from

that order, the matters decreed therein, such as the share or interest of each claimant and the directions for the division of the land, are concluded and cannot be reviewed in an appeal from a later order in the same proceeding, such as an order of the court confirming the report of the commissioners. Marmion v. Wells, 246 S. W.2d 704 (Tex.Civ.App. San Antonio 1952, er. ref'd.); Castillo v. Farias, supra. Cyphers v. Birdwell, 32 S.W.2d 937 (Tex. Civ.App. Texarkana 1930, er. ref'd); Waters-Pierce Oil Co. v. State, supra. The county court decree of December 3, 1963 which ordered the partition, also determined the respective proportionate shares of the property to which each common owner was entitled, and in accordance with the will, it provided that the shares would be equal in acreage, but the shares of Ola McDowell Sibert and Annie McDowell Wells would include the improvements. Only the physical act of locating and setting apart *these respective proportionate shares* awarded by the decree of partition was left for the commissioners to perform and report. As previously stated, no appeal was perfected from the December 3, 1963, judgment of partition. The appeal was perfected from the order confirming the commissioners report, and that appeal was docketed in the district court as cause No. 18,062. Being merely an appeal from the order confirming the commissioners' report, the district court only had appellate jurisdiction to set aside the county court's *order confirming that report* and conduct a trial de novo on the *issues touching the approval of that report*. It had no jurisdiction to revise or retry the matters decreed in the December 3, 1963, order of partition. Marmion v. Wells, supra; Castillo v. Farias, supra; Cyphers v. Birdwell, supra.

 Even aside from these well settled principles pertaining to partition, the district court in cause No. 18,062 would have had *no jurisdiction under its general appellate jurisdiction in probate matters* to consider any issue other than the commission-

ers' report and its approval or rejection.[4] In an appeal from the probate court to the district court, even though the proceedings in the district court are to be de novo, the issues are restricted to those involved in the *order or ruling appealed from*, and the district court has no jurisdiction to enlarge the scope of the review. Brewer v. Brewer, 237 S.W.2d 369 (Tex.Civ.App. Dallas 1951, no writ); Levy v. W. L. Moody & Co., 87 S.W. 205 (Tex.Civ.App.1905, er. ref'd); 18 T.J.2d pp. 102, 103. The order of the county court confirming the commissioners' report was an appealable order,[5] but an appeal therefrom did not give the district court jurisdiction to consider issues other than those touching its approval of the report.

It follows then, that neither under the general law of probate nor under the rules applicable to partition generally, did the district court have the power to repartition the land and change the proportionate shares ordered by the county court's final judgment of partition, under the guise of reviewing that court's action in confirming the commissioners' report, even if it be considered that the appeal (18,062) was redocketed as cause No. 18,289. The action of such court in attempting to do so was not merely erroneous, but was action beyond its jurisdictional power and void. Levy v. W. L. Moody & Company, supra; Brewer v. Brewer, supra; McEwen v. Harrison, supra.

■ We must next determine if the district court had the jurisdictional power to render the judgment in cause No. 18,289 if it be considered a new suit. Since the county court judgment of partition in cause No. 5165 was a final judgment rendered by a court having jurisdiction, and the estate proceedings were still open in that court, the district court was without jurisdiction to entertain an action to partition the land. Kelley v. Harsch, 161 S.W. 2d 563 (Tex.Civ.App. Austin 1942, no writ); Buchner v. Wait, 137 S.W. 383 (Tex.Civ.App. Galveston 1911, er. ref'd); O'Neil v. Norton, 29 S.W.2d 1060 (Tex. Comm.App.1930, opin. apprvd); Elliott v. Elliott, 213 S.W.2d 459 (Tex.Civ.App. Fort Worth 1948, no writ). As it had no jurisdiction of the partition suit, there was nothing to consolidate with the appeal. Buchner v. Wait, supra. It is true that both appellants and appellees apparently consented by their pleadings to the district court's consideration of the question of partition in cause No. 18,289, but the jurisdictional power to act cannot be conferred by consent of the parties. Pierce v. Foreign Mission Board, 235 S.W. 552 (Tex.Comm.App.1921, opin. apprvd). The judgment in cause No. 18,289 then, if considered a new suit, was beyond the jurisdictional power of the court, and was void. O'Neil v. Norton, supra; Pierce v. Foreign Mission Board, supra; Barnett v. Eureka Paving Company, supra; Dallas Joint Stock Land Bank v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046 (Tex.Comm.App.1937, opin. apprvd); Consolidated Underwriters v. McCauley, supra; Kelley v. Harsch, supra.

As the district court's action in altering the partition and allocating the shares contrary to the county court's judgment and the provisions of the will, was void whether done in the appeal (18,062) or the new suit (18,289), it was of no effect and should have been set aside by the trial court in this action when its void nature was shown. The appellants could have appealed from the judgment in 18,289, but their failure to do so cannot destroy their right to have it set aside upon a showing

---

4. Sec. 5 of the Probate Code has been amended to provide for concurrent jurisdiction of the county and district courts in certain cases, consistent with the amendment of Art. 5, Sec. 8 of the Constitution. The acts involved here occurred prior to the enactment of the amendment and would not be affected thereby.

Atkins v. Rayburn (Tex.Sup.1974), 506 S.W.2d 208.

5. Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385; Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48.

of its void nature. Cunningham v. Taylor, 20 Tex. 126; McEwen v. Harrison, supra.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered setting aside the judgment of the District Court of Cass County, Texas in cause No. 18,289. The effect of our judgment will leave cause No. 18,062 (the appeal) remaining for consideration of the district court in a trial de novo touching only the action of the county court in approving the commissioners' report in its cause No. 5165.

Appellants' other points are not reached.

Reversed and rendered.

RAY, J., not participating.