**Pattie Delores WALKER, Appellant,**

v.

**Barbara WALKER, Appellee.**

No. 05–03–01418–CV.

Court of Appeals of Texas,
Dallas.

Jan. 5, 2005.

Joe Putnam, Irving, for Appellant.

David M. Pyke, Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

Pattie Delores Walker appeals the probate court's judgment of partition and sale of real property involved in the probate proceedings of the estate of her mother, Hattie Lee Walker (Mother). In three issues she challenges the trial court's jurisdiction to order the dependent administrator to sell the undivided one-half interest in certain real property jointly by Pattie and her sister Barbara Walker, which is not part of the estate. We conclude this Court has jurisdiction because Pattie appealed from a final appealable order, and that the probate court had jurisdiction under section 5A(b) of the probate code to

order the partition and sale of the property. Therefore we resolve Pattie's issues against her and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Pattie and Barbara are the daughters of Mother and Zelvin Walker (Father), who together owned a single-family residence at 5021 Wenonah, Dallas, Texas. Father died intestate in 1982, and Pattie and Barbara each inherited an undivided one-fourth interest in the property. Mother died in April 1997, leaving her interest in the property to Pattie and Barbara and naming Pattie as the independent executor of her estate. Pattie lived in the house.

In June 1997, Barbara filed a "Sworn Motion to Produce Last Will and Testament" in which she requested that Pattie be cited to appear before the probate court and show cause why she should not deliver Mother's will to the court. In March 2001, the probate court signed an "Order Admitting Will to Probate" in which the probate court admitted Mother's will to probate and authorized the issuance of letters testamentary to Pattie. Subsequently, Barbara filed an original petition and a first amended petition, asserting Pattie had breached her fiduciary duties as executor. Pertinent to the issues on appeal, Barbara alleged that Pattie: (1) continued to live in the house without paying rent or compensating the estate for her use of the house; (2) had not changed the title to reflect the change in ownership from Mother to Barbara and Pattie; and (3) continued to use the house as her own property. Barbara requested damages for unpaid rent, partition of the house, and removal of Pattie and appointment of Barbara as the independent executor. Pattie answered and filed an inventory, appraisement, and list of claims.

In October 2002, the probate court signed a "Final Judgment" removing Pattie as independent executor of Mother's estate and appointing R.W. Calloway as dependent administrator of the estate. Calloway subsequently filed an inventory, appraisement, and list of claims, which the probate court approved. Calloway also applied to sell the property, stating in the "Application for Sale of Real Property" that the sale was in the estate's best interest. The probate court heard the application and signed the "Order of Sale on Real Property" granting the application and ordering that the property be sold at a private sale and a report be made after the sale.

On April 1, 2003, Pattie filed a "Notice of Homestead Right" in which she asserted that she lived in the house and was "entitled to have said property set aside to her for her use and benefit." On May 28, 2003, Barbara filed a second amended petition, which was substantially the same as her previous pleadings. The probate court held another hearing and signed a "Judgment of Partition" ordering the sale of the property in terms substantially the same as the "Final Judgment." The probate court subsequently filed findings of fact and conclusions of law in support of its "Judgment of Partition." This appeal timely followed.

## JURISDICTION

In her second issue, Pattie argues that the October 2002 "Final Judgment" was a final, appealable judgment, disposing of all claims and issues raised by Barbara's original and first amended petitions, and the probate's court plenary power expired before Barbara filed her second amended petition. Because Pattie's second issue concerns the jurisdiction of this Court, we address it first.

The order of a court decreeing a partition is a final, appealable order. *Sibert v. Devlin*, 508 S.W.2d 658, 663 (Tex. Civ.App.-Texarkana 1974, no writ); *see Long v. Spencer*, 137 S.W.3d 923, 925 (Tex. App.-Dallas 2004, no pet.). Accordingly, the November 20, 2002 "Order of Sale on Real Property" (not the October 2002 "Final Judgment") was a final, appealable order as to the partition and order of sale.

Nevertheless, Barbara filed a second amended petition on May 28, 2003. When a court enters a final judgment, a party thereafter files an amended petition, and the court enters a second judgment based upon the amended petition, two distinct cases under the identical cause number result. *Cockrell v. Cent. Sav. & Loan Ass'n*, 788 S.W.2d 221, 224 (Tex.App.-Dallas 1990, no writ) (per curiam); *see Azbill v. Dallas County Child Protective Servs.*, 860 S.W.2d 133, 137 (Tex.App.-Dallas 1993, no writ). Barbara's original petition was assigned cause number 97–2429–P3; her second amended petition was assigned cause number 97–2429–P3(A). We conclude that Barbara's second amended petition initiated a distinct case, which was disposed of by the "Judgment of Partition."[1] Pattie timely appealed from this later judgment. Moreover, the probate court retains jurisdiction until the dependent administrator is discharged and the probate court declares the estate closed. *See* Tex. Prob.Code Ann. § 408(d) (Vernon 2003) (providing for probate court's discharge of estate's representative when estate has been fully administered). Accordingly, we resolve Pattie's second issue against her.

Next, we turn to Pattie's first and third issues regarding the jurisdiction of the trial court to order the sale of—and the dependent administrator's authority to

sell—an interest in property not owned by the decedent whose estate is being administered. In her first issue, Pattie contends the probate court had no jurisdiction to order the sale of the one-half interest in the property not owned by Mother. In her third issue, Pattie contends that the dependent administrator had no authority to sell the one-half interest in the property not owned by Mother.

A challenge to a trial court's subject matter jurisdiction presents a question of law subject to de novo review. *Garza v. Rodriguez*, 18 S.W.3d 694, 696 (Tex.App.-San Antonio 2000, no pet.). In conducting our review, we take as true the facts pled in the appellant's petition and determine whether the petition supports jurisdiction in the trial court. *Id.*

Dallas County Probate Court Number 3 is a statutory probate court. Tex. Gov't Code Ann. § 25.0591(d)(3) (Vernon 2004). "All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." Tex. Prob. Code Ann. § 5(f) (Vernon Supp.2004–05). In proceedings in the statutory probate courts, matters "incident to an estate" include but are not limited to "all matters relating to the settlement, partition, and distribution of estates of deceased persons." *Id.* § 5A(b) (Vernon 2003); *see Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 182 (Tex.1992).

Section 373 of the probate code provides for an application for partition and distribution of a decedent's estate:

Who May Apply. At any time after the expiration of twelve months after the original grant of letters testamentary or of administration, the executor or administrator, or the heirs, devisees, or legatees of the estate, or any of them, may, by written application filed in the

1. The "Judgment of Partition" states the number of the case as "No. 97–2429–P3."

court in which the estate is pending, request the partition and distribution of the estate.

TEX. PROB.CODE ANN. § 373(a) (Vernon 2003). The probate code provides for the partition and distribution of property of an estate when it is incapable of division: "When, in the opinion of the court, the whole or any portion of an estate is not capable of a fair and equal partition and distribution, the court shall make a special finding in writing, specifying therein the property incapable of division." *Id.* § 381(a) (Vernon 2003). Moreover:

> Order of Sale. When the court has found that the whole or any portion of the estate is not capable of fair and equal division it shall order a sale of all property which it has found not to be capable of such division. Such sale shall be made by the executor or administrator in the same manner as when sales of real estate are made for the purpose of satisfying debts of the estate, and the proceeds of such sale, when collected, shall be distributed by the court among those entitled thereto.

*Id.* § 381(b). Section 386 provides for the partition of property jointly owned:

> Any person having a joint interest with the estate of a decedent in any property, real or personal, may make application to the court from which letters testamentary or of administration have been granted thereon to have a partition of said property between the applicant and the estate of the deceased....

*Id.* § 386 (Vernon 2003).

Both Pattie and Barbara were before the court. The parties stipulated that the property is not capable of being subdivided, and the trial court found that the property was incapable of fair and equal distribution and of being partitioned in kind. Not having attacked these fact findings on appeal, they are binding on Pattie and this Court. *See Employers Cas. Co. v. Henag-*

*er,* 852 S.W.2d 655, 658 (Tex.App.-Dallas 1993, writ denied) ("Unchallenged findings of fact are binding on the parties and the appellate court.").

Pattie argues that, while statutory probate courts have jurisdiction over matters relating to the settlement, partition, and distribution of the estates of deceased persons pursuant to section 5A(b), this jurisdiction does not extend to the partition of property not owned by the decedent's estate. To support this argument, Pattie relies on *Lucik v. Taylor,* 596 S.W.2d 514, 516 (Tex.1980).

In *Lucik,* the beneficiaries under two wills applied to probate those wills. The probate court appointed a temporary administrator of the estate. Subsequently, on application by one of the beneficiaries, the probate court issued an injunction that ordered the second beneficiary to turn over all assets belonging to the estate of the deceased irrespective of whether they constituted a part of the deceased's separate estate or part of the community estate of the deceased and his widow. The injunction also included restraints on the second beneficiary's use of items received from the deceased during his lifetime.

The supreme court concluded that the protection from dissipation of transfer of the potential assets of the deceased's estate bore directly on the ultimate collection and distribution of such properties pursuant to his effective will. Therefore, the injunctive relief related to a matter "incident to an estate" and was within the probate court's jurisdiction pursuant to the probate code. *Id.* at 516.

The court also stated that "the settlement, partition and distribution of the estate of Lucik will pertain only to the assets comprising his estate." *Id.* However, this statement clearly relates to the supreme court's recognition that injunctive relief was necessary to protect and preserve the assets in question "until their status could

be determined." *Id. Lucik* is distinguishable because it involved the protection, not the partition, of property belonging to a decedent. Accordingly, *Lucik* does not support Pattie's argument that the trial court had no jurisdiction to order the sale of property not a part of Mother's estate.

Also, Pattie argues that, pursuant to section 386, the probate court can partition property of the estate jointly owned with other persons upon the application of the person owning the joint interest with the estate. We construe this argument to be that all joint owners must join the application for partition. To support this argument, Pattie relies on *Sibert.* There, the two children of James McDowell acquired an undivided interest in their father's community interest in certain property. Later, when their mother died, the children acquired their mother's interest in the property through her will. The two children applied to the county court for partition of their father's and mother's estates. *Sibert,* 508 S.W.2d at 659—60. The Texarkana Court of Appeals rejected the argument that the county court, in which their mother's will was being probated, had no jurisdiction over the undivided one-half interest inherited by the children from their father and that the county court's judgment was therefore void. *Id.* at 661. The court of appeals stated that "[t]he county court not only has jurisdiction to partition the property belonging to an estate being administered [footnote omitted] but it also has jurisdiction to effect a partition between the estate and persons who have a joint interest with the estate in any property." *Id.* at 662 (citing TEX. PROB.CODE ANN. §§ 373, 386); *see Speer v. Stover,* 711 S.W.2d 730, 738 (Tex.App.-San Antonio 1986, no writ) (per curiam) (holding that suit for specific performance seeking conveyance of property, some of which belonged to estate of deceased person whose estate in being administered through probate proceedings, "is an action that related to the settlement, partition and distribution of the estate of a deceased person and as such is incident to an estate").

Even though all the children in *Sibert* requested partition, nothing in sections 373, 381, or 386 requires the joinder of all joint owners in the request for partition for jurisdiction. Therefore, the fact that Pattie objected to the partition is immaterial to the issue of the probate court's jurisdiction.

We conclude that the probate court had jurisdiction to order the dependent administrator to sell the property, including the one-half interest not owned by Mother's estate, because this partition relates to Mother's estate pursuant to section 5A(b). We resolve Pattie's first issue against her.

■  Because the probate court had the jurisdiction to order partition of the entire property, it had the authority to direct Calloway to conduct the partition sale. *See* TEX. PROB.CODE ANN. §§ 373, 381(b). Therefore, we reject Pattie's argument that the dependent administrator had no authority to sell the property because he was not made a party to Barbara's action. The case on which Pattie relies to support her argument that the dependent administrator had no authority to sell her interest, *Greene v. Cass County State Bank,* 7 S.W.2d 620, 620 (Tex.Civ.App.-Texarkana 1928, no writ), is distinguishable because, unlike the case before us, *Greene* relates to the sale of a homestead on which a minor lived and which was sold to pay "simple debts." Thus we resolve Pattie's third issue against her.

### CONCLUSION

Having resolved Pattie's three issues against her, we affirm the trial court's "Judgment of Partition."