**STONE et al. v. KUTEMAN et al.**
No. 5278.

Court of Civil Appeals of Texas. Amarillo.
March 17, 1941.

Hughes, Hardeman & Wilson, of San Angelo, for appellants.

J. R. Porter, of Clarendon, for appellees.

FOLLEY, Justice.

This is an appeal from a writ of prohibition issued by the district court of Donley County, Texas, upon the original application of the appellee Mrs. Nellie Kuteman, and directed to the probate court of Donley County, and R. Y. King, the judge thereof, and the appellants, Beatrice K. Stone, her husband, Jerome S. Stone and Guinn Williams. The writ restrained the probate court, the judge thereof and the appellants from proceeding to hear and determine the motion of the appellants in the probate court seeking to set aside and vacate an order therein of the date of April 2, 1940, which order, in turn, vacated and set aside a former order of such court

of the date of October 31, 1938 discharging Mrs. Kuteman as administratrix and the surety on her bond in Cause No. 786 in the county court of Donley County, sitting in probate, in the Estate of James E. Kuteman, deceased.

It appears that James E. Kuteman died July 18, 1938, intestate, leaving a considerable amount of land in Kent, Nolan, Clay and Montague Counties, Texas. At the time of his death he was a resident of Donley County. His only heirs at law are his mother, Mrs. Nellie Kuteman, and his sister, Mrs. Beatrice K. Stone. Immediately upon the death of James E. Kuteman his mother filed application in probate in the county court of Donley County in Cause No. 786 for letters of administration. On August 1, 1938 Mrs. Kuteman was duly appointed administratrix and duly qualified as such.

On October 31, 1938, upon the amicus curiae application of J. R. Porter, the present attorney for Mrs. Kuteman, the probate court entered an order discharging Mrs. Kuteman as administratrix and her bondsmen from future liability but "without prejudice to any proper person later being appointed administratrix of said estate". Such order did not purport to close the administration. Thereafter, on March 11, 1940, Mrs. Beatrice K. Stone, the daughter of Mrs. Kuteman and sister of the deceased, acting through her husband, Jerome S. Stone, caused Guinn Williams to be appointed by the district court of Kent County, Texas, as receiver of the Estate of James E. Kuteman. Mrs. Kuteman filed a motion in the receivership proceeding in Kent County seeking to vacate the receivership. The district court of Kent County refused to vacate the receivership and such action is now before us in a separate appeal in Cause No. 5294 in which Mrs. Kuteman is the appellant and Jerome S. Stone is the appellee. We are this day handing down our opinion in Cause No. 5294, the effect of which will be to reverse the judgment of the district court of Kent County and dissolve the receivership. Our holding in this respect is upon the theory that the Probate Court of Donley County has exclusive jurisdiction of the Estate of James E. Kuteman, deceased, as expressed in such opinion reported in 150 S.W.2d 102.

On April 2, 1940 the probate court of Donley County, apparently upon its own motion, entered an order declaring void and setting aside its previous order of October 31, 1938 (discharging the administratrix) and ordered the administratrix to proceed with the administration and to make her annual report. On May 8, 1940, at a succeeding term of the probate court, the appellants, Jerome S. Stone, Beatrice K. Stone and the receiver, Guinn Williams, filed in such probate court in Cause No. 786 a motion seeking to set aside and vacate the order of April 2, 1940 which, in turn, had set aside the order of October 31, 1938. In such motion, among other things, it was alleged that the order of October 31, 1938 was a valid, subsisting and final judgment which was not affected by the order of April 2, 1940; that the order of April 2, 1940 was an attempt to grant successive administrations upon the estate of James E. Kuteman, deceased; that the administration having been closed by the former order, the court was without authority to open a new administration; that the order of the probate court of April 2, 1940 was void for the reason that it did not require a new oath and bond of the administratrix; that if such order was valid the administratrix was an unsuitable person to administer the estate of James E. Kuteman, deceased; that she was without business ability or experience; that she was expending large sums of money and not receiving value therefor; that she was of high and uncontrollable temper, possessed of a poor memory and was, in fact, mentally incompetent to administer such estate; and that she should be removed as such administratrix. The appellants prayed that the order of April 2, 1940 be vacated and held for naught and, in the alternative, that Mrs. Kuteman be removed as administratrix.

On May 22, 1940 Mrs. Kuteman filed in the district court of Donley County her application for a writ of prohibition to restrain the probate court of Donley County, the judge thereof and the appellants from having a hearing upon the aforesaid motion of the appellants filed in the probate court on May 8, 1940. As grounds for the writ it was alleged, among other things, that a hearing on the appellants' motion in the probate court would deprive the district court of its jurisdiction; that the April, 1940 term of the probate court of Donley County had expired and that the May term was then in session; that no appeal was attempted from the order of April 2, 1940; that in the absence of al-

llegations of fraud, accident or mistake, the probate court had no jurisdiction to review an order entered at a former term; and that the order of October 31, 1938, discharging the administratrix was void.

On the same day Mrs. Kuteman's application for a writ of prohibition was filed the district court entered a temporary order staying the proceedings before the probate court until notice might be given the opposing parties. On June 17, 1940 the appellants filed a general demurrer and general denial in the district court proceeding. On this same day a hearing was had and the judgment appealed from was rendered. In such judgment the court found that the probate court was without jurisdiction to hear and determine the matters contained in the appellants' motion in the probate court of May 8, 1940; that a hearing thereon would infringe upon the appellate jurisdiction of the district court; and commanded the probate court, the judge thereof and the appellants to desist and refrain from any further proceedings in the matters presented in appellants' motion in the probate court. The judgment further decreed that Mrs. Kuteman was the duly appointed and acting administratrix; that the order of October 31, 1938 was of no effect; that the order of April 2, 1940 was surplusage save and except that part of the same which ordered Mrs. Kuteman to proceed with such administration and file her annual account; and that such administration was a valid and subsisting administration. It is from this judgment that Beatrice K. Stone, Jerome S. Stone and Guinn Williams have prosecuted this appeal in which they challenge the authority of the district court to enter such a judgment.

Under the facts of this case we are of the opinion the district court was without authority to render the above judgment. The writ of prohibition is an extraordinary remedy which is only granted in extreme cases of necessity and not for grievances which may be redressed in ordinary proceedings at law.

In 50 C.J. 654, para. 3, with reference to such a writ, it is said: "Prohibition, at common law, was a remedy against encroachment of jurisdiction. Its office was to restrain subordinate courts and inferior judicial tribunals from extending their jurisdiction. In adopting the remedy the courts have almost universally preserved its original common law nature, object and function."

In 22 R.C.L. 2, para. 1, with reference to such a writ, we find this language: "It is commonly defined, substantially, as a writ to prevent the exercise by a tribunal possessing judicial powers of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance."

Blackstone defines the writ of prohibition as a writ "directed to the judge and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof, upon suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court". 3 Bl.Com. 112.

It has also been said that in "the absence of a statute expressly permitting it, the general rule is that prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are adequate and available. Accordingly if a complete remedy lies by appeal, writ of error, writ of review, certiorari, injunction, mandamus, motion for change of venue, or in any other manner, the writ should be denied". 22 R.C.L. 9, para. 8.

Measured by the above rules, it is apparent the appellee was not entitled to the relief obtained. The matter about which the writ was issued was exclusively within the jurisdiction of the probate court. It is only where the pleadings and proof show that a writ involves issues in an administration for which the county court's probate jurisdiction is inadequate to grant the relief sought that the district court has jurisdiction to grant the necessary relief. Griggs et al. v. Brewster, 122 Tex. 588, 62 S.W.2d 980; Gregory et al. v. Ward, 118 Tex. 526, 18 S.W.2d 1049. No such condition was evident in the instant proceeding. The motion of the appellants was an attack upon the order of April 2, 1940 issued in the probate court and in the alternative sought the removal of the administratrix. Although such motion was filed at a succeeding term of the probate court attacking an order of a former term and, therefore, that portion of the motion attacking the order of April 2, 1940 constituted, perhaps, only a bill of review the allegations of which were insufficient to

show fraud or want of jurisdiction (13 Tex.Jur. 639, para. 54), still, we think the probate court had jurisdiction to determine its jurisdiction. Certainly the district court had no authority to prohibit the probate court from exercising this function.

In 22 R.C.L. 29, we find the following language: "It cannot be assumed that any tribunal will act in a matter over which it has no jurisdiction, and until it has done some act to indicate its intention to do so, prohibition will not lie. The mere apprehension that a court will act beyond or in excess of its jurisdiction cannot support an application for the writ." See also Gaffney v. Kent, District Judge, et al., Tex. Civ.App., 74 S.W.2d 176; Knight et ux. v. Haley, Justice of the Peace, 6 W.W. Harr.,Del., 336, 176 A. 461.

It has also been said that a "writ of prohibition will not ordinarily issue in anticipation of the action of an inferior tribunal where it has jurisdiction over the subject matter, and it will not be assumed that the tribunal will exceed its jurisdiction or rule erroneously with respect thereto. So before prohibition will lie upon the ground of lack of jurisdiction the court below must have so ruled as to make manifest a claim of jurisdiction." 50 C.J. 681.

Granting that the probate court had no right under the insufficient pleadings of the appellants to set aside its order of a former term, upon the sustaining of a general demurrer to such insufficient allegations it is entirely possible the appellants might have amended their pleadings to bring the action within the exception to the general rule prohibiting bills of review to revise former orders of the probate court. Hicks et al. v. Oliver, 78 Tex. 233, 14 S.W. 575; Ruenbuhl v. Heffron et al., Tex.Civ.App., 38 S.W. 1028; Fortson v. Alford, 62 Tex. 576; Heath v. Layne, 62 Tex. 686. Furthermore, in the event the probate court had assumed a jurisdiction it did not possess and thereupon entered a void and ineffective order, the appellee was possessed of an adequate remedy at law, if one was necessary, and could have set the same aside by an appeal or by a direct suit for such purpose in any court of competent jurisdiction; and in the event the probate court had entered such a void order its action, in our opinion, would not constitute any trespass upon the original or appellate jurisdiction of the district court. Milam County Oil Mill Co. et al. v. Bass et al., 106 Tex. 260, 163 S.W. 577. Moreover, that portion of the motion seeking to remove the administratrix was not an attack upon any former order of the probate court but constituted a new and independent action of which the district court undoubtedly possessed no original jurisdiction. The probate court most assuredly should have been allowed to determine this issue which was exclusively within its jurisdiction.

As above stated the trial court in the instant judgment ordered and decreed that the appellee was the duly qualified and acting administratrix of the Estate of James E. Kuteman, deceased; that the order of October 31, 1938 had no effect upon the administration; that the order of April 2, 1940 was surplusage except in so far as it ordered the administratrix to proceed with the administration; and that such administration was a valid and subsisting administration. Although such decrees may have been correct conclusions of law (Alexander's Heirs v. Maverick, 18 Tex. 179, 67 Am.Dec. 693; Waterman Lumber & Supply Co. v. Robbins et al., Tex. Com. App., 206 S.W. 825) and as such might have been considered by the trial court in determining whether or not a writ of prohibition should issue, we are of the opinion the district court was without authority and jurisdiction to enter any sort of judgment relative thereto because the administration of the estate and the orders of the probate court were not before the district court by appeal, certiorari or otherwise. The trial court having no jurisdiction of such matters this court has none except to determine that neither the district court nor this court possesses such jurisdiction. Dunaway v. Easter et al., 133 Tex. 309, 129 S.W.2d 286; Jones et al. v. Wynne et al., 133 Tex. 436, 129 S.W.2d 279; Zamora et al. v. Gonzalez et al., Tex. Civ.App., 128 S.W.2d 166, writ refused; Franks v. Chapman, 60 Tex. 46; Heath v. Layne, 62 Tex. 686; Pierce et al. v. Foreign Mission Board of Southern Baptist Convention et al., Tex.Com.App., 235 S.W. 552.

The judgment of the trial court is reversed and the application for the writ of prohibition is dismissed.

Reversed and dismissed.