01-15-0196-CV

# IN THE FIRST COURT OF APPEALS

# HOUSTON, TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR - 3 2015

CHRISTOPHER A. PRINE

CLERK _____

**IN RE: ADRIENE SIBLEY**          CAUSE NO._____

---

# PETITION FOR WRIT OF PROHIBITION OR MANDAMUS

---

Adriene Sibley
45 Hardy   Ct
Gulfport, Ms   39507
832-420-2071
sibleyadriene@yahoo.com

# TABLE   OF   CONTENTS

Petition ....................................................................................................................1

Statement of Jurisdiction.........................................................................................1

Parties..........................................................................................................................2

Factual and Procedural Background........................................................................3

Statement of Issues....................................................................................................5

Prayer.........................................................................................................................8

# TABLE OF AUTHORITIES

## *Cases*

Anderson v. City of Seven Points, 806 S. W. 2d 791, 793...................................................2

Humble Exploration Co. v. Walker, 641 S. W. 2d 941...................................................1

In re Lewis, 223 S. W. 3d 756, 761...................................................1

In re Roof, 130 S. W. 3d 414, 415...................................................1

Patterson, 971 S. W. 2d 439...................................................6

Stone v. Kuteman, 150 S. W. 2d 107, 109...................................................1

Tex. Ass'n of Bus., 852 S. W. 2d 440...................................................6

Wal-mart Stores, Inc. v. Lopez, 93 S. W. 3d 548...................................................5

West v. Triple B Servs., LLP 264 S. W. 3d 446...................................................6

## *Statutes*

Tex. Const. Art. V. 6...................................................1

Tex. Govt. Code 22.221(b)...................................................1

Tex. Rule Civ. Procedure Rule 86...................................................8

Tex. Rule Civ. Procedure Rule 87...................................................8

No. _____

## IN RE: ADRIENE SIBLEY

### Realtor

---

## REALTOR'S PETITION FOR WRIT OF PROHIBITION OR MANDAMUS

---

Comes now, the Realtor, Adriene Sibley, ("Sibley") and petitions this Honorable Court to award a Writ of Prohibition against the Respondent, the Honorable Judge Jeremy Warren in his official capacity as Judge of the County Court at Law #3 of Brazoria County, Texas.

### STATEMENT OF JURISDICTION

1. This Court has jurisdiction to issue a writ of prohibition and writ of mandamus pursuant to the Tex. Const. Art. V. 6; Tex. Govt. Code 22.221(b)

2. A writ of prohibition of an appellate court is a limited purpose remedy. In re Lewis, 223 S.W. 3d 756, 751 (Tex. App.-Texarkana 2007) The writ of Prohibition is an extraordinary judicial writ that a court of appeals, as a court of special jurisdiction, may divert to a court of inferior jurisdiction. Humble Exploration Co. v. Walker, 641 S.W. 2d 941 (Tex. App.-Dallas 1982) The writ of prohibition may be issued to prevent an inferior court from exercising a jurisdiction which it has no lawful right to exercise. Stone v. Kuteman 150 S.W. 2d 107, 109 Without jurisdiction whatsoever to act, the availability of a remedy of appeal is immaterial to the issuance of a writ of prohibition to prevent a injustice.

3. A writ of mandamus is proper to compel a public official to perform a ministerial act. In re Roof, 130 S.W. 3d 414, 415 (Tex. App.-Houston) A duty is imposed by law is ministerial

when "the law clearly spells out the duty to be performed by the official with certainty that nothing is left to the exercise of discretion. Anderson v. City of Seven Points, 806 S.W. 2d 791, 793 (Tex. 1991)

4. Pursuant to the original jurisdiction of this Court, Sibley, seeks relief in the form of a Writ of Prohibition and/or a Writ of Mandamus as the County Court is exercising a jurisdiction that is has no lawful right to. A Writ of Prohibition and/or Writ or Mandamus is appropriate and the only means to obtain the desired relief due to the fact that the County Court's actions are a complete disregard for the substantive law and procedural law.

## PARTIES

1. The Realtor, Adriene Sibley (Sibley) is a defendant in a civil action for breach of contract pending in the County Court at Law #3, Brazoria County, Texas in Case No. C150979, Seminole Pipeline Company, LLC v. Adriene Sibley.

2. The Respondent, The Honorable Jeremy Warren is the Judge of the County Court at Law # 3.

3. The Real Party in Interest, Seminole Pipeline Company, LLC is the plaintiff in the civil action.

## STATEMENT OF CASE

Enterprise Products Operating, LLC (Enterprise) needed to use Sibley's property for a repair and maintenance operation therefore Sibley and Shelly Patton, the representative for Enterprise started negotiations regarding compensation to Sibley for the use of Sibley's property. Sibley and Patton were unable to reach an amicable agreement. Enterprise had no rights of Texas law to force Sibley to permit Enterprise to use Sibley's property for Enterprise's operation therefore the creative lawyering began.

Seminole is actually suing Sibley on behalf of Enterprise because Sibley prohibited Enterprise from using Sibley's property. Enterprise had no valid cause of action under Texas law nevertheless Seminole decided on breach of contract in an attempt to obtain a permanent Injunction against Sibley to illegally take Sibley's property rights with the aide of the Court. It is absurd and in violation of Texas law that Sibley can be sued merely because Sibley refused Enterprise's compensation offer.

## FACTUAL AND PROCEDURAL BACKGROUND

1. In 1981, Ora Mae Kennedy, Margie Bell Lewis, Minnie Mae Helm, and Robert Rossow grants Seminole an 30 ft. easement recorded at Vol. 1554, page 299; Ella Louise Dorsey, Herman Edwards and Joel Rossaw granted Seminole an easement recorded at Vol. 1554, page 301 and William Moore grants Seminole an easement recorded at Vol. 1754, page 826, all easement are recorded in Official Records of Brazoria County, Texas. All grantors are collectively the "Rossaws".

2. Sibley is a heir to the Grantors that executed the Easement to the Property.

3. In December 2013, Enterprise Products Operating ("Enterprise"), the operator of the pipeline was performing an alleged repair and maintenance operation ("operation") on Seminole's easement that required the use of Sibley's property outside the 30 ft. easement to be able to perform the operation.

4. About January 9, 2014, Sibley and Shelly Patton, the representative of Enterprise entered into negotiations in Houston, Texas and while Sibley was in Mississippi for compensation to Sibley for the use of Sibley's property outside the easement for the operation or for a workspace agreement. Sibley and Patton were unable to reach an agreement therefore Sibley's restricted the use of Sibley's property for the operation while in Houston, Texas on

December 10, 2014.

5. Enterprise and First Call Field Services ("First Call") continued to perform the operation on the easement through February 6, 2014 utilizing Sibley's property outside the easement.

6. Seminole filed a petition for breach of contract, temporary restraining order, temporary injunction and injunction on February 6, 2014 against Sibley and several other defendants. The County Court granted a temporary restraining order on February 6, 2014.

7. Sibley filed a writ of mandamus in this Court and this Court instructed Sibley to permit the temporary restraining order to expire.

8. Sibley filed a Notice of Removal to the United States District Court, Galveston Division February 18, 2014. Seminole filed a Motion to Remand and the Galveston Court issued.

9. Seminole filed the first amended petition on July 2, 2014 and that petition deleted the other defendants and identified Sibley as the only defendant. Seminole filed a motion for Summary Judgment in August 2014.

10. Sibley filed a second Notice of Removal or in the alternative, to transfer of the case to the United States District Court in Gulfport, Mississippi pursuant to diversity of citizenship on August 29, 2014 and also filed a response to Seminole's motion for summary judgment. Seminole filed a Motion to Remand yet as of this date Sibley has no knowledge of a order of remand.

11. Sibley filed a plea to jurisdiction, motion to dismiss and motion to transfer venue on.

## STATEMENT OF THE ISSUES

I.    Whether the County Court has a lawful right to exercise jurisdiction over this case?

II.    Whether the County Court can only    render an advisory opinion which is prohibited by law?

III.    Whether the County Court is required to determine Sibley's Motion to Transfer Venue?

### I.    The County Court have no lawful right to exercise jurisdiction over this case?

1.    First, Sibley is merely a heir of the grantors of the easement and Sibley never consented to the terms of the easement therefore no contract exist between Sibley and Seminole. Parties for a binding contract when there is 1) an offer, 2) as acceptance in strict compliance with the terms of the offer, 3) a meeting of the minds, 4) consent by each party to the terms, and 5) execution and delivery of the contract with the intent that it be mutual and binding. Wal-Mart Stores, Inc. v. Lopez, 93 S.W. 3d 548, 555-56    There is no remedy or jurisdiction provided by law or the Texas Constitution that would provide Seminole with relief against Sibley, a non-party to a contract.

2.    Second, the face of Seminole's petition states that the easement contract was between Seminole and the Rossaws  and that "Sibley purports to be an successor or heir". (App, C, p. 2) The term **purport** is used when the intent is to convince someone about something that might not be true  therefore Seminole did not identify Sibley as a successor or heir but merely stated Sibley claimed to be a successor or heir.  Before Seminole's petition  can invoke the jurisdiction of the County Court the petition has to identify Sibley as a party to the contract and not just

re-assert a claim of Sibley. To prevail in a breach of contract claim, a plaintiff must prove a valid contract exist existed between the plaintiff and the defendant. West v. Triple B Servs., LLP 264 S.W. 3d 440, 446 Seminole petition fails to identify Sibley as a party to the easement, a successor or heir therefore there is no remedy or jurisdiction provided by law or the Texas Constitution.

3. Third, Seminole petition state that Seminole made the decision to cease the operation on the easement to prevent civil litigation. (App. B, p. 4) There is no remedy or jurisdiction provided by law or the Texas Constitution that make a defendant liable for the decision of the plaintiff absent fraud.

4. The Texas Constitution provides that the District Court "shall have general original jurisdiction over all causes of actions for which a remedy or jurisdiction is not provided by law or the Constitution therefore the County Court at Law is without jurisdiction whatsoever and jurisdiction lies in the District Court.

Based on the foregoing reasons that the County Court is without jurisdiction whatsoever therefore writ of prohibition is appropriate to command Judge Warren to cease the proceeding in the case.

## II. The County Court can only issue an advisory opinion therefore the court is without jurisdiction whatsoever.

1. Texas law is clear that a Court cannot make an advisory decision because advisory opinions are prohibited by law and any judgment in this case would be an advisory decision. The Separation of Powers Doctrine prohibit against court ordered advisory opinions. Patterson 971 S.W. 2d 439, Tex. Ass'n of Bus. 852 S.W. 2d 440

2. First, Seminole performed the operation on the easement from December 2013 until

Seminole made the decision to cease the operation on the easement to prevent civil litigation on February 6, 2014 therefore Seminole had not been denied access to the easement at the time Seminole filed the petition. Furthermore, Seminole's petition never stated that Seminole stopped the operation on the easement due to being denied access to the easement. The petition stated "that Seminole made the decision to cease the operation on the easement". (App. B, p. 2) The issue of whether Seminole was denied access to the easement became moot because Seminole accessed and utilized the easement until Seminole made the decision to cease the operation on the easement therefore no justiciable controversy existed at time the petition was filed. Pantera 150 S.W. 3d 466 A judgment issued by a court brought by party when no justiciable controversy exist is an advisory opinion which is prohibited by law. Tex. Ass'n of Business 852 S.W. 2d 440

3. Second, the ripeness doctrine dictates that at the time a suit is filed the case is to be sufficiently developed so that an injury has occurred At the time Seminole filed the petition on February 6, 2014 Seminole stated in the petition that "the Defendants installed a new lock on the gate presumably to deny Seminole access to the easement". (App. B, p. 3) Seminole's petition dictates that Seminole did not have knowledge as to who installed an alleged new lock or whether the alleged new lock was installed to deny Seminole access to the easement and because the alleged new lock never denied Seminole access to the easement there was no injury and the case was not ripe for adjudication. Furthermore, Seminole's petition requested damages it has and or may incur. (App. B, p. 5) On the day the alleged new lock was installed there were no damages because Seminole accessed the easement and Seminole's request for damages that may occur dictates that the injury and damages were not concrete and depended on upon contingent or hypothetical facts therefore the injury was not ripe at the time the petition was filed

and the trial court does not have jurisdiction to hear the dispute. Because of the ripeness doctrine any judgment by the Court based on the pleading would be advisory and prohibited by law.

Based on the foregoing, Any judgment of the County Court on the pleading before the Court would be an advisory opinion which is prohibited by law therefore a writ of prohibit as there is no remedy or jurisdiction of Texas for to render an advisory opinion.

### III.    The Court is required to determine Sibley's Motion to Transfer Venue.

1.    Sibley filed a Motion to Transfer Venue pursuant to the Tex. Rules of Civ. P. 86. Rule 87 dictated that the determination of the motion to transfer venue shall be made promptly by the Court and such determination must be made in a reasonable time prior to trial.

2.    The term "shall" make the determination of the motion to transfer mandatory and not discretionary therefore the County Court is required to must make a determination of the motion prior incompliance with Rule 87 therefore mandamus is appropriate to compel Judge Warren to promptly make a determination of Sibley's Motion to Transfer Venue in compliance with Rule 87.

### PRAYER

WHEREFORE, the Realtor, Adriene Sibley, prays for the following relief:

a.    That Adriene Sibley's Writ of Prohibition be granted and Judge Warren is commanded to cease any further proceeding in the said case.

b.    In the alternative, Sibley's Writ of Mandamus be granted and Judge Warren is commanded to conduct a hearing and determine Sibley's Motion to Transfer Venue.

c.    That this Honorable Court issue a rule to show cause against the respondents directing them

to show cause, if they can, as to why a Writ of Prohibition and Mandamus should not be awarded against him.

d.   That all proceedings in the County Court at Law #3 be stayed in the civil case Seminole Pipeline Company, LLC v.   Adriene Sibley case no.   C150979 pending resolution of the issues raised in this petition.

e.   Such other relief as this   Honorable Court deems necessary, appropriate, as proper.

Respectfully submitted this 3 day of March 2015.

Realtor, Adriene Sibley

Adriene Sibley
45 Hardy Ct
Gulfport, Ms   39507
sibleyadriene@yahoo.com
832-420-2071

# CERTIFICATION

I hereby certify that I have reviewed the foregoing petition and have concluded that every factual statement in the petition is supported by competent evidence included in the appendix and record.


_Adriene Sibley_

Adriene    Sibley

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing Petition was served on March 3, 3015 by certified mail, return receipt requested upon the following:

James Freeman
420 Heights Blvd
Houston, Texas   77007
713-802-9117
Attorney for real Parties In Interest


Hon. Jeremy Warren
County Court at Law #3
111 E. Locust
Angleton, Texas   77515
Respondent


_Adriene Sibley_
Adriene Sibley

IN RE:   ADRIENE SIBLEY          IN THE FIRST   COURT OF APPEALS

Houston, Texas

---

**APPENDIX TO THE PETITON FOR WRIT OF PROHIBITION OR MANDAMUS**

---

Realtor, Adriene Sibley, submits the following documents in support of the petition for writ of prohibition or mandamus:

## LIST OF DOCUMENTS

Easement..................................................................................................TAB   1

Seminole's Original Petition.......................................................................TAB   2

Seminole's Amended Petition......................................................................TAB   3

TAB     A

# GRANT OF EASEMENT

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) in hand paid and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, I, or we, *Ora Mae Kennedy, Margie Belle Lewis, Minnie Mae Helm, Robert James Rossow,*

hereinafter referred to as "Grantor" (whether one or more), do hereby grant, bargain, sell and convey unto SEMINOLE PIPELINE COMPANY, its successors and assigns, hereinafter referred to as "Grantee", the right, privilege and easement, at any time and from time to time to construct, maintain, inspect, operate, protect, repair, replace, change the size of, or remove a pipeline or pipelines, and other appurtenances, within the confines of a right of way Fifty feet in width, said right of way being ___15___ feet on the North/XXX side and ___35___ feet on the South/XXX side of a line (to be) (as) surveyed and definitely established by the centerline of the initial pipeline constructed for the transportation of natural gas, oil, petroleum products or any other liquids, gases or substances which can be transported through a pipeline, together with the right of ingress and egress to and from the same for the purposes aforesaid, over, under, through and across the following described lands, of which the Grantor warrants they are the owners in fee simple, situated in the County of _____Brazoria_____ State of _____Texas_____ to wit:

All that part of a 16 acre tract of land lying ~~North~~ Southeast and West of County Road No. B400, being part of the S. F. Austin 7-1/3 League Grant, Abstract No. 20; said 16 acre tract of land being further described in deed recorded at Volume 264, page 1, Brazoria County Records.

Notwithstanding anything herein to the contrary, only one (1) pipeline 14 inches in diameter shall be constructed under the terms of this easement.

Said pipeline shall have a minimum of 48 inches of cover.

Following construction, said Right of Way shall revert to a permanent 30-foot wide Right of Way being 10-foot on the __Northerly__ side and 20-foot on the __Southerly__ side.

It is agreed that the pipeline or pipelines to be laid under this grant shall be constructed at sufficient depth below the surface of the ground to permit normal cultivation, and Grantor shall have the right to fully use and enjoy the above described premises, subject to the rights herein granted.

Grantee shall have the right to clear and keep clear all trees, undergrowth and other obstructions from the herein granted right of way, and Grantor agrees not to build, construct or create, nor permit others to build, construct or create any buildings or other structures on the herein granted right of way that will interfere with the normal operation and maintenance of the said line or lines.

Grantee agrees to pay to the then owners and to any tenant, as their interests may be, any and all damages to crops, timber, fences, drain tile, or other improvements on said premises that may arise from the exercise of the rights herein granted. Any payment due hereunder may be made direct to the said Grantor or any one of them.

Grantor hereby expressly agrees that in the event the route of the pipeline or pipelines to be constructed hereunder should cross any roads, railroads, creeks, rivers or other waterways located on the above described land or other places requiring extra working space, then Grantee shall have the right and temporary access to additional working space which may be necessary for construction and Grantee agrees to pay Grantor any and all damages which Grantor suffers by reason of Grantee's use of said additional working space.

Grantor represents that the above described land (is) (is not) rented for the period beginning _____ 19____ to _____ 19.____ on (cash) (crop) basis to _____

The terms and conditions hereof shall be binding upon and inure to the benefits of the heirs, executors, administrators, devisees, successors, trustees or assigns of the parties hereto.

In Witness Whereof the said Grantor_s_ have_ hereunto set _their_ hand_s_ and seal_s_, this _3rd_ day of _February_ 19_81_.

WITNESS:

_Richard W Foster_   _Mamie Phillips_      _Ora Mae Kennedy_

_Richard W Foster_   _Julia Johnson_       _Margie Belle Lewis_

_Richard W Foster_   _Julia Johnson_       _Minnie Mae Helm_

_Richard W Foster_   _Odell Ollie_         _Robert James Rossow_

# TAB B



CAUSE NO. C150979

**FILED FOR RECORD**
2014 FEB 6 PM 3 19

COPY
COUNTY CLERK
BRAZORIA COUNTY, TEXAS

| | | |
|---|---|---|
| SEMIOLE PIPELINE COMPANY LLC, | § | COUNTY CIVIL COURT AT LAW |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | NO. 3 |
| | § | |
| ADRIENE SIBLEY a/k/a ADRIENE GAIL LEWIS, REGINALD TIMOTHY ROSSOW, SR., WINSTON JAMES ROSSOW, JOHNEL LEWIS, DONYLL DWAYNE LEWIS, DUSHAY DEMITRIC LEWIS AND LAMONT DESHAWN LEWIS, | § § § § § § § | |
| | § | |
| *Defendants.* | § | BRAZORIA COUNTY, TEXAS |

### SEMINOLE PIPELINE COMPANY LLC'S ORIGINAL PETITION AND REQUEST FOR INJUNCTIVE AND OTHER RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Seminole Pipeline Company LLC ("Seminole"), files this Original Petition and Request for Injunctive and Other Relief (the "Petition") against Adriene Sibley a/k/a Adriene Gail Lewis, Reginald Timothy Rossow, Sr., Winston James Rossow, Johnel Lewis, Donyll Dwayne Lewis, Dushay Demitric Lewis and LaMont DeShaun Lewis ("Defendants") and shows the Court as follows:

### DISCOVERY SCHEDULE

1. Discovery is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, Seminole Pipeline Company LLC, is a Delaware Limited Liability Company authorized to conduct business in the State of Texas.

**EXHIBIT A**

3. Defendant, Adriene Sibley a/k/a Adriene Gail Lewis, is a resident of Texas and may be served at 4808 Fairmont Parkway, Pasadena, Texas 77505.

4. Defendant, Reginald Timothy Rossow, Sr., is a Texas resident and may be served at 308 S. Ave G, Freeport, Texas 77541.

5. Defendant, Winston James Rossow, is a Texas resident and may be served at 511 S. Ave D, Freeport, Texas 77541.

6. Defendant, Johnel Lewis, is a Texas resident and may be served at 2806 Morning Bay Dr., Pearland, Texas 77584.

7. Defendant, Donyll Dwayne Lewis, is a Texas resident and may be served at 1322 W 7th Street, Freeport, Texas 77541.

8. Defendant, Dushay Demitric Lewis, is a Texas resident and may be served at 1322 W 7th Street, Freeport, Texas 77541.

9. Defendant, LaMont DeShaun Lewis, is a Texas resident and may be served at 11150 Beamer Rd., Apt. 440, Houston, Texas 77089.

## VENUE

10. Venue is mandatory in Brazoria County, Texas, pursuant to §15.011 of the Texas Civil Practice and Remedies Code, and/or because all or substantially all the events or omission giving rise to the asserted claims arose in Brazoria County, Texas.

## JURISDICTION

11. The Court has personal jurisdiction over the parties to this suit because the property is located in the State of Texas, Seminole's causes of action arise out of events or omissions which occurred in the State of Texas and the type of claims asserted by Seminole lie within the jurisdictional limits of this Court.

-2-

## FACTS

12.     In 1981, Ora Mae Kennedy, Margie Belle Lewis, Minnie Mae Helm, and Robert Rossaw granted Seminole an easement recorded at Vol. 1554, Page 299, Deed Records Brazoria County, Texas; Ella Louise Dorsey, Herman Edwards, and Joel Rossaw granted Seminole an easement recorded at Vol. 1554, Page 301, Deed Records Brazoria county; and William Moore granted Seminole an easement recorded at Vol. 1574, Page 826, Deed Records Brazoria County Texas (the "Easements").[1] The Easements grant Seminole the right, privilege, and easement to construct, maintain, inspect, operate, protect, repair, replace, change the size of, or remove a pipeline or appurtenances within the confines of the thirty-foot (30') right of way. The Easements also grant Seminole the right of ingress and egress to and from the right of way.

13.     Defendants purport to be the successors, assigns and heirs to the Grantors in and to the property subject to the Easements (the "Property").

14.     On or about January 10, 2014, Seminole was in the process of replacing a valve on its pipeline, which required certain maintenance and repair operations to be done on the Easements (*i.e.*, installation of a stopple to isolate the section of the pipeline so as to allow replacement of the valve). On that same day, while Seminole was in the process of completing its maintenance and repair operations, Defendants, represented by Ms. Adriene Sibley a/k/a Adriene Gail Lewis, sent an email to Seminole threatening legal action (specifically a temporary restraining order) unless Seminole paid Defendant $120,000.00 for violating the Easements. At the same time, Defendants installed a new lock on the gate to the property, presumably in an attempt to deny Seminole access to its Easements. In light of the substantial costs that would

---

[1]  The Afffidavit of Shelly Patton is attached as Exhibit A and incorporated herein for all intents and purposes.

have been incurred by Seminole if it had continued with its operations (*i.e.*, shutting down the flow of product on its pipeline until resolution of Defendants' claims) and Defendants followed through with their threat to shut down Seminole's repair and maintenance operations, Seminole had no choice but to cease further repair and maintenance operations and demobilize. Since then, Seminole has tried to work out an amicable agreement with Defendants, including, but not limited to, payment for the use of temporary workspace, so that it may complete its necessary repair and maintenance operations but, to date, has been unsuccessful.

### CAUSES OF ACTION

15.    Throughout this pleading, each of the causes of action asserted by Seminole are pled in the alternative, such that the allegations under one cause of action do not preclude or in any way prejudice the allegations made under a separate cause of action.

### Breach of Contract

16.    The Easements grant Seminole the right to maintain, operate, protect, repair and replace its pipeline and other appurtenances, which necessary includes those maintenance and repair operations necessary to repair and replace the existing valve. Seminole has been ready, willing and able to enter upon the Easements to perform the necessary repair and maintenance operations, but, because of Defendants breach of and repudiation of the Easements, has been denied its valuable property rights, and is, without potentially breaching the peace, unable to make entry upon the Easements.

17.    Because Defendants have refused to allow Seminole access to its Easements to perform the necessary repair and maintenance operations, rights granted Seminole under the Easements, Defendants are in breach of the Easements, for which Seminole seeks specific

–4–

performance under the Easements and any and all damages it has and/or may incur as a result of Defendants' breach.

## Injunctive Relief

18.     Defendants have denied Seminole access to its Easements.  If Defendants are not immediately restrained from interfering with Seminole's repair and maintenance operations, rights expressly granted Seminole under the Easements, Seminole will not be able to complete the necessary repair and maintenance operations, which could cause Seminole to incur additional move-around, demobilization and remobilization costs, lose valuable transportation fees and suffer immediate and irreparable harm.  These damages are not fully ascertainable at this point in time.

19.     Seminole requires immediate access to the Easements to perform its maintenance and repair operations.  If Defendants are not immediately restrained from (i) interfering with Seminole's repair and maintenance operations; and (ii) from engaging in any acts to deny Seminole access to the Easements, immediate and irreparable harm will result to Seminole, for which Seminole has no adequate remedy at law.  In that regard, if a temporary restraining order and/or injunction is not immediately issued, Seminole will not be able to replace the valve, interfering with Seminole's valuable property rights under the Easements and causing Seminole to suffer financial losses that are not readily ascertainable with any degree of certainty. The damages which have accrued and which will accrue in the future if injunctive relief is not granted will be difficult to measure by any pecuniary standard. There is no relief that is as plain and complete and as practical to the ends of justice and its prompt administration as the injunctive relief herein sought.

20.     Additionally, in all likelihood, Seminole will prevail in the prosecution of this dispute. Seminole has the right, under the Easements, to enter upon the Property to maintain, operate, protect, repair, and replace its pipeline, which necessary includes the repair and maintenance operations flowing from replacement of the existing valve.

## Attorneys' Fees

21.     Because of the wrongful conduct of Defendants, Seminole has been required to bring this suit and seek the relief herein stated. Seminole has provided all requisite notices and has satisfied all prerequisites for an award of attorneys' fees, and therefore seeks to recover its reasonable and necessary attorneys' fees and expenses incurred in connection with this action.

WHEREFORE, Seminole respectfully prays that:

a.     a temporary restraining order be immediately issued restraining Defendants, and their agents, servants, employees and attorneys, and those persons in active concert or participation with one or more of them who receive actual notice of the temporary restraining order by personal service or otherwise from in any way (i) interfering with Seminole's repair and maintenance operations on the Easements; and (ii) from engaging in any acts to deny Seminole access to the Easements;

b.     that upon hearing, a temporary injunction order be immediately issued, and upon trial a permanent injunction be issued restraining Defendants, and their agents, servants, employees and attorneys, and those persons in active concert or participation with one or more of them who receive actual notice of the injunction by personal service or otherwise from in any way (i) interfering with Seminole's repair and maintenance operations on the Easements; and (ii) from engaging in any acts to deny Seminole access to the Easements;

c.     Seminole, subject to and without waiver of its request for injunctive relief, prays for the recovery of all damages herein sought, together with its attorneys' fees, pre- and post-judgment interest on all damages awarded hereunder at the maximum rate permitted by law, all court costs incurred by Seminole and for such other and further relief to which it may show itself justly entitled;

Respectfully submitted,

**ZABEL FREEMAN**

By: _____

Thomas A. Zabel
State Bar No. 22235500
James A. Freeman
State Bar No. 00796580
420 Heights Blvd.
Houston, TX 77007
(713) 802-9117
(713) 802-9114 (Fax)

**GILBERT & GILBERT LAW OFFICE**

John R. Gilbert
State Bar No. 07898500
Justin R. Gilbert
State Bar No. 24043691
222 North Velasco Street
Angleton, Texas 77515
(979) 849-5741
(979) 849-7729 (Fax)

**COUNSEL FOR PLAINTIFF,
SEMINOLE PIPELINE COMPANY LLC**

-7-

## AFFIDAVIT OF SHELLY PATTON

STATE OF TEXAS           §
                         §
COUNTY OF HARRIS         §

BEFORE ME, the undersigned notary, on this day personally appeared Shelly Patton, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

1.  "My name is Shelly Patton. I am over the age of twenty-one (21) years, am of sound mind and am fully competent to make this affidavit. I have personal knowledge of all facts herein stated and said facts are true and correct. I am employed by Enterprise Products as a Senior Land Representative.

2.  I provide services in that capacity to Seminole Pipeline Company LLC ("Seminole") for the construction, inspection, maintenance, repair, and operation of pipelines in Brazoria County, Texas. Seminole is the successor to Seminole Pipeline Company.

3.  As part of my duties, I am aware that in 1981, Ora Mae Kennedy, Margie Belle Lewis, Minnie Mae Helm and Robert Rossaw granted Seminole Pipeline Company an easement recorded at Vol. 1554, Page 299, Deed Records Brazoria County, Texas; Ella Louise Dorsey, Herman Edwards, and Joel Rossaw granted Seminole Pipeline Company an easement recorded at Vol. 1554, Page 301, Deed Records Brazoria county; and William Moore granted Seminole Pipeline Company an easement recorded at Vol. 1574, Page 826, Deed Records Brazoria County Texas (the "Easements"). The Easements grant Seminole the right, privilege, and easement to construct, maintain, inspect, operate, protect, repair, replace, change the size of, or remove a pipeline or appurtenances within the confines of the thirty-foot (30') right of way.

4.  On or about January 10, 2014, Seminole was in the process of replacing a valve on its pipeline, which required certain maintenance and repair operations to be done on the Easements (i.e., installation of a stopple to isolate the section of the pipeline so as to allow replacement of the valve). On that same day, while Seminole was in the process of completing its maintenance and repair operations, Defendants, represented by Ms. Adriene Sibley a/k/a Adriene Gail Lewis, sent an email to me threatening legal action (specifically a temporary restraining order) unless Seminole paid Defendant $120,000.00 for violating the Easements. At the same time, Defendants installed a new lock on the gate to the property, presumably in an attempt to deny Seminole access to its Easements. In light of the substantial costs that could have been incurred by Seminole if



EXHIBIT

"A"

it had continued with its operations and Defendants followed through with their threat to shut down Seminole's repair and maintenance operations (*i.e.*, shutting down the flow of product on its pipeline until resolution of Defendants' claims), Seminole had no choice but to cease further repair and maintenance operations and demobilize. Since then, I have had several communications with Ms. Sibley in an effort to work out an amicable agreement with Defendants, including, but not limited to, payment for the use of temporary workspace, but, to date, have been unsuccessful.

5.      If Defendants are not immediately restrained from interfering with Seminole's repair and maintenance operations, Seminole will not be able to complete the necessary repair and maintenance operations and replace the valve, interfering with Seminole's valuable property rights under the Easements, which could cause Seminole to incur additional move-around, demobilization and remobilization costs, lose valuable transportation fees and suffer immediate and irreparable harm. These damages are not fully ascertainable at this point in time.

Further Affiant sayeth not.

Shelly Patton

SUBSCRIBED AND SWORN to before me by Shelly Patton on the 5th day of February 2014.

By: _____
Notary Public in and for the
State of Texas

CHARLES ADDISON BECKHAM III
Notary Public
STATE OF TEXAS
My Comm. Exp. Jan. 07, 2015

Page 2 of 2

TAB C

| | | |
|---|---|---|
| SEMINOLE PIPELINE COMPANY LLC, | § § § | COUNTY CIVIL COURT AT LAW |
| *Plaintiff,* | § § § | |
| vs. | § § § | NO. 3 |
| ADRIENE SIBLEY a/k/a ADRIENE GAIL LEWIS, | § § § | |
| *Defendant.* | § § | BRAZORIA COUNTY, TEXAS |

## SEMINOLE PIPELINE COMPANY LLC'S
## FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Seminole Pipeline Company LLC ("Seminole"), files this First Amended Original Petition against Defendant Adriene Sibley a/k/a Adriene Gail Lewis ("Sibley"), and shows the Court as follows:

## DISCOVERY SCHEDULE

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff Seminole Pipeline Company LLC, is a Delaware Limited Liability Company authorized to conduct business in the State of Texas.

3. Defendant Adriene Sibley a/k/a Adriene Gail Lewis, is a resident of Texas and been served and has appeared herein.

## VENUE

4. Venue is mandatory in Brazoria County, Texas, pursuant to Section 15.011 of the Texas Civil Practice and Remedies Code, and/or because all or substantially all of the events or omission giving rise to the asserted claims arose in Brazoria County, Texas.

## JURISDICTION

5. The Court has personal jurisdiction over the parties to this suit because the subject property is located in the State of Texas, Seminole's causes of action arise out of events or omissions that occurred in the State of Texas, and the type of claims asserted by Seminole lie within the jurisdictional limits of this Court.

## FACTS

6. In 1981, Ora Mae Kennedy, Margie Belle Lewis, Minnie Mae Helm, and Robert Rossaw granted Seminole an easement recorded at Volume 1554, Page 299, Deed Records Brazoria County, Texas; Ella Louise Dorsey, Herman Edwards, and Joel Rossaw granted Seminole an easement recorded at Volume 1554, Page 301, Deed Records Brazoria County; and William Moore granted Seminole an easement recorded at Volume 1574, Page 826, Deed Records Brazoria County, Texas (collectively, "the Easements"). The Easements grant Seminole the right, privilege, and easement to construct, maintain, inspect, operate, protect, repair, replace, change the size of, or remove a pipeline or appurtenances within the confines of the thirty-foot (30') right of way. The Easements also grant Seminole the right of ingress and egress to and from the right of way.

7. Sibley purports to be a successor, assign, and heir to the Grantors in and to the property subject to the Easements (the "Property").

-2-

8. On or about January 10, 2014, Seminole was in the process of replacing a valve on its pipeline, which required certain maintenance and repair operations to be done on the Easements (*i.e.*, installation of a stopple to isolate the section of the pipeline so as to allow replacement of the valve). On that same day, while Seminole was in the process of completing its maintenance and repair operations, Sibley sent an email to Seminole threatening legal action (specifically a temporary restraining order) unless Seminole paid her $120,000.00 for violating the Easements. At the same time, Sibley installed a new lock on the gate to the Property, presumably in an attempt to deny Seminole access to its Easements. In light of the substantial costs that would have been incurred by Seminole if it had continued with its operations (*i.e.*, shutting down the flow of product on its pipeline until resolution of Sibley's claims) if Sibley followed through with her threat to shut down Seminole's repair and maintenance operations, Seminole had no choice but to cease further repair and maintenance operations and demobilize. Thereafter, Seminole tried to work out an amicable agreement with Sibley, including, but not limited to, payment for the use of temporary workspace, so that it could complete its necessary repair and maintenance operations but was unsuccessful.

## CAUSES OF ACTION

9. Throughout this pleading, each of the causes of action asserted by Seminole are pled in the alternative, such that the allegations under one cause of action do not preclude or in any way prejudice the allegations made under a separate cause of action.

### Breach of Contract

10. Seminole incorporates Paragraphs 6-9 as if fully set forth at length herein for all intents and purposes.

-3-

11. The Easements grant Seminole the right to maintain, operate, protect, repair, and replace its pipeline and other appurtenances, which necessarily includes those maintenance and repair operations necessary to repair and replace the existing valve. Seminole has been ready, willing, and able to enter upon the Easements to perform the necessary repair and maintenance operations, but, because of Sibley's breach of and repudiation of the Easements, has been denied its valuable property rights, and is, without potentially breaching the peace, unable to make entry upon the Easements.

12. Because Sibley refused to allow Seminole access to its Easements to perform the necessary repair and maintenance operations, rights expressly granted to Seminole under the Easements, Sibley breached the Easements, for which Seminole seeks specific performance under the Easements and any and all damages it has and/or may incur as a result of Sibley's breach.

### Attorneys' Fees

13. Seminole incorporates Paragraphs 6-12 as if fully set forth at length herein for all intents and purposes.

14. Because of the wrongful conduct of Sibley, Seminole has been required to bring this suit and seek the relief herein stated to enforce its rights under the Easements. Seminole has provided all requisite notices and has satisfied all prerequisites for an award of attorneys' fees pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code, and therefore seeks to recover its reasonable and necessary attorneys' fees and expenses incurred in connection with this action.

## AFFIRMATIVE DEFENSES TO SIBLEY'S COUNTERCLAIMS

15. Seminole has not breached the Easements.

16. Seminole has not committed an abuse of process, and all of the pleadings and motions that Seminole has filed herein and in the federal action that Sibley improperly removed to federal court were a proper exercise of Seminole's efforts to lawfully enforce the terms of the Easements and prevent Sibley's interference with Seminole's rights in and to the Easements.

17. There is no legitimate basis for an award of punitive damages against Seminole.

18. Sibley's Counterclaims for "Conspiracy in Violation of 42 U.S.C. 1983, 1985" are patently frivolous, and lack any legal basis.

19. There is no legitimate basis for the award of "attorney fees under 42 U.S.C. 1988," and Sibley's Counterclaim for such is patently frivolous.

WHEREFORE, Seminole respectfully prays (1) that it recover all damages herein sought, together with its attorneys' fees, pre- and post-judgment interest on all damages awarded hereunder at the maximum rate permitted by law, and all court costs incurred by Seminole; (2) that Sibley take nothing by virtue of her counterclaims against Seminole; and (3) for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**ZABEL FREEMAN**

By: _____
Thomas A. Zabel
State Bar No. 22235500
James A. Freeman
State Bar No. 00796580
420 Heights Blvd.
Houston, TX 77007
(713) 802-9117
(713) 802-9114 (Fax)

**GILBERT & GILBERT LAW OFFICE**

John R. Gilbert
State Bar No. 07898500
Justin R. Gilbert
State Bar No. 24043691
222 North Velasco Street
Angleton, Texas 77515
(979) 849-5741
(979) 849-7729 (Fax)

**COUNSEL FOR PLAINTIFF,
SEMINOLE PIPELINE COMPANY LLC**

## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of the foregoing Seminole Pipeline Company LLC's First Amended Original Petition was served on the following pro se party via first class mail, return receipt requested, and a courtesy copy was emailed on this the 2nd day of July 2014:

Adriene Sibley
4808 Fairmont Pkwy
Pasadena, Texas 77505
sibleyadriene@yahoo.com

By: _____
James Andrew Freeman

–6–

# VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

      BEFORE ME, the undersigned notary, on this day personally appeared Adriene Sibley, affiant, a person whose identity have been verified.  After I administered an oath to affiant, affiant testified:

"My name is Adriene Sibley, I am of sound mind, over 21 years of age, capable of making this affidavit, and have personal knowledge of the facts stated herein.  I am the realtor in the Writ. The facts in this affidavit are within my personal knowledge and are true and correct.

All the document included with the petition for Writ of Prohibition are true and correct."

FURTHER, AFFIANT SAYETH NOT.



Adriene Sibley

SUBSCRIBED AND SWOTN TO  before me by Adriene Sibley on this the _3_ day of March, 2015.

PETER M. KIERNAN
Notary Public, State of Texas
My Commission Expires
December 03, 2017



Notary

PETER M. KIERNAN
Notary Public, State of Texas
My Commission Expires
December 03, 2017